# *Ex parte* Damon.

## *Application for Mandamus.*

1. *Attachment bond; additional bond may be required when sureties are insolvent; when mandamus not awarded.*—When, after the execution of an attachment bond, the sureties thereon become insolvent, it thereby fails in the indemnity it was given to provide, and becomes defective in substance, and upon such fact being established to the satisfaction of the court, the court may, under the provisions of the statute (Code, § 2998), require the plaintiff to execute another bond, with good and sufficient sureties; and when such an order is made by the court wherein the attachment suit is pending, a writ of *mandamus* will not be awarded to require such court to vacate and annul said order.

This was a petition for *mandamus*, addressed to the

Judges of the Supreme Court, asking for a peremptory writ, compelling the judge of the Third Judicial Circuit to vacate and annul an order made by him requiring the petitioners, who were plaintiffs in an attachment suit, to execute a good and sufficient bond in said cause. In response to the rule *nisi* granted on the filing of said petition, the respondent answered, setting up the following facts: "That on the 12th day of August, 1892, there was a suit instituted by an attachment in favor of the said M. F. Damon against W. T. Maund for the sum of three thousand and thirty-five dollars, returnable to the circuit court of Henry county, at Columbia, Alabama. Respondent further says, that it was shown to the satisfaction of the court, by sufficient and legal proof, that the securities, John C. Skipper and J. O. McEachen, on the attachment bond of the said applicant, were wholly insolvent, and that there could not be made any thing out of them by legal process, and that said bond was worthless as to the securities thereon. Respondent further says that there was an order rendered by said court at the spring term 1893 of the circuit court for Henry county at Columbia, Alabama, requiring the said applicant M. F. Damon to execute a good and sufficient attachment bond in said cause on the ground of the insolvency and insufficiency of the securities on his said attachment bond."

T. M. Espy, for petitioner.—*Mandamus* is the proper remedy to revise an action of the court in this case.—*Ex parte Barnes*, 84 Ala. 540; *Ex parte Haralson*, 75 Ala. 543; *Ex parte Dunlap*, 71 Ala. 73.

No counsel marked as appearing for respondent.

HARALSON, J.—The sureties in the attachment bond in this case became insolvent. The petition for the *mandamus* recites, that when the bond was approved by the clerk, they were reputed to be solvent. The approval of the bond was *prima facie* evidence of their solvency.—1 Am. & Eng. Encyc. of Law, 907; *Blaney v. Findley*, 2 Black. (Ind.) 338. The petition further recites, that it was made to appear to the judge, against whom this proceeding is directed, that since the approval and filing of said bond by the clerk of the court, the two sureties on

it had become insolvent; and the return of the judge to the alternative writ states, "that it was shown to the satisfaction of the court, by sufficient and legal proof, that the securities, John C. Skipper and J. C. McEachen, on the attachment bond of said applicant were wholly insolvent, and that there could not be made any thing out of them by legal process, and that said bond was worthless as to the securities thereon." The court accordingly, made and entered an order requiring the plaintiff in attachment,—the petitioner here,—"to execute a good and sufficient bond in said cause by the first day of the next term of the said court." The competency of the court to make this order, is questioned by this proceeding, and we are asked by the petition, by our *mandamus*, to require the court to vacate and annul said order.

An attachment is an extraordinary proceeding, and, in some of its operations and effects, may prove to be a harsh and injurious one. It is the general rule, therefore, to require, as a condition to its issuance, that the plaintiff shall make an affidavit of the existence of some ground, such as the law authorizes, for its issuance, and to enter into bond, such as the statute prescribes. The affidavit is intended as a restraint upon the conscience of the plaintiff, against the wrongful suing out of the attachment; and the bond, to impose an additional restraint by fixing a definite liability upon him and his sureties as indemnity to the defendant against loss, from the wrongful and vexatious use of the process.—1 Wade on Attachments, §§ 102, 107; Wapple on Attachments, § 112; Drake on Attachments, § 114; 1 Am. & Eng. Encyc. of Law, 905. Accordingly, we find the principle maintained in these authorities, that a bond is to be regarded as insufficient when it fails to furnish the full statutory indemnity, although it may partially secure the defendant against loss; and that it is defective when it is lacking, not only in the indemnity intended, but in some matter which renders it doubtful whether it may be relied on as a security against the mischief contemplated by the statute.

A bond, therefore, must be regarded as defective, when it is insufficient in security, as well as when it is lacking in some particular, which, while it does not render it absolutely void, does render it an imperfect obligation for the

purposes intended.—1 Wade on Attachments, §§ 114, 115, 288; *Bumberger v. Gerson*, 24 Fed. Rep. 257. It is the right, then, of the defendant, to have the attachment dissolved whenever, at any stage of the cause, the bond shall become defective or insufficient, as an indemnity, on account of the insolvency of its securities; but the plaintiff should be accorded the right of maintaining his cause by repairing a defect brought about by no fault of his.—Wapple on Attachments, §§ 124–5; *Bumberger v. Gerson*, 24 Fed. Rep., *supra*.

So far, we have treated the case without reference to our own statute on the subject. The Code—section 2998 —provides, that "The attachment law must be liberally construed to advance the manifest intent of the law; and the plaintiff, before or during the trial, must be permitted to amend any defect of form or of substance in the affidavit, bond or attachment, and no attachment must be dismissed for any defect * * * * * in the bond, or for want of bond, if the plaintiff, his agent or attorney is willing to give or substitute a sufficient bond." It follows from the principles announced above, and from the injunction of our own statute, that "the attachment law must be liberally construed to advance the manifest intent of the law," and that when the sureties on an attachment bond become insólvent, and it fails thereby in the indemnity it was given to provide, it becomes defective in substance, and that fact being established to the satisfaction of the court, it may and ought to require an additional bond with good and sufficient securities. 1 Brick Dig., 159, § 56.

Mr. Drake, in his work on attachments, announces, that if a bond, legal in terms, parties and amount, be given at the institution of the suit, and accepted by the proper officer, the court will not, without some statutory authority, look into any alleged want of sufficiency in the parties.—Drake on Attachments, § 145. It is on this authority the petitioner's counsel relies in filing this application. This principle is announced by the author, on the authority of the case of *Proskey v. West*, 8 Sm. & Mar. (Miss.) 711. In that case, however, the decision proceeds, as stated, on the ground, that where additional or other security is allowed to be claimed, special provision has been made by statute, pointing out the mode of the application, and the grounds which must be es-

tablished whereby to entitle a party to it, and without which it is not allowable. These authorities do not, when rightly interpreted, contravene our conclusions in this case.

*Mandamus* denied.