[No. 15505.    Department Two.—May 3, 1894.]

102  403|
dІ19  32|

# G. R. SPLIVALO, APPELLANT, v. JACOB BRYAN ET AL., RESPONDENTS.

COUNTIES—SPRINKLING OF ROADS—DISCRETION OF SUPERVISORS TO ADVERTISE FOR BIDS—CONSTRUCTION OF POLITICAL CODE—MANDAMUS.—Construing subdivision 11 of section 2643 of the Political Code, as amended in 1893, with other sections of the Political Code *in pari materia*, the advertising for bids for the sprinkling of roads is in the discretion of the board of supervisors, and the exercise of their discretionary power cannot be controlled by *mandamus*.

APPEAL from a judgment of the Superior Court of San Mateo County.

The facts are stated in the opinion.

*Ben Morgan*, for Appellant.

*H. W. Walker*, for Respondents.

VANCLIEF, C.—This was an application to the superior court of the county of San Mateo for a writ of mandate to the members of the board of supervisors of that county, commanding them " to advertise for bids for the sprinkling of the roads in the second road district," in that county. An alternate writ was issued on the affidavit of plaintiff. The defendant, by answer, showed cause why a peremptory writ should not be granted. The cause was submitted for judgment on the affidavit of the plaintiff and the answer of the defendants thereto, it being admitted that both were true. A peremptory writ was denied, and plaintiff brings this appeal from the judgment.

The material facts disclosed by the affidavit of plaintiff are substantially as follows: That the board of supervisors, through one of its members, William B. Lawrence, "employed one John Rowell to sprinkle the roads in the said second road district, at four dollars and fifty cents per day," without having advertised for bids to do said work; that petitioner and residents of said road district,

being taxpayers of said county, demanded of said board, at a regular meeting of the same, that the contract for the sprinkling of said roads should be made by advertising for bids to do such work, and letting the contract to the lowest bidder, and not otherwise; and that the defendants, constituting said board, have refused to comply with said demand, and persist in the employment of said Rowell as aforesaid.

The petition also states what petitioner deems to be the law, requiring the sprinkling contract to be let as demanded, namely: The eleventh division of section 2643 of the Political Code, as amended in 1893. (Stats. 1893, p. 114.) The following is the particular part of the section on which appellant relies:

"11. In their discretion, they (the supervisors) may advertise for bids to grade, turnpike, gravel, or sprinkle any road or roads in any road district, which contract shall be let to the lowest responsible bidder; provided the board may reject any or all bids, whenever it shall appear to them that the same are too high."

Read in connection with other sections of the Political Code, *in pari materia*, as amended at the same session of the legislature, I think the meaning of the passage above quoted is, that the advertising for bids is in the discretion of the supervisors; but when, in their discretion, they advertise for bids, the contract shall be let to the lowest responsible bidder, etc. Section 2641 of the Political Code, as amended in 1893, provides:

"The board of supervisors of the several counties shall divide their respective counties into suitable road districts, and may change the boundaries thereof, and each supervisor shall be *ex officio* road commissioner in his supervisor district."

Section 2645, as amended at the same session, provides: "Road commissioners, under the direction and supervision, and pursuant to the order of the board of supervisors, must:

"'1. Take charge of the highways within their respective districts, and shall employ all men, teams,

watering-carts, and all help necessary to do the work in their respective districts, *where the same is not let by contract.'* "

I think the court below correctly construed the statute in question; and, since it is well settled that the exercise of discretionary power cannot be controlled by writ of mandate, the judgment should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.

Hearing in Bank denied.