[Crim. No. 1202. In Bank.—September 30, 1904.]

EDWARD RICHARDS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

CRIMINAL LAW—TRANSCRIPTION OF TESTIMONY—DUTY OF PHONOGRAPHIC REPORTER—MANDAMUS.—It is not the duty of the phonographic reporter in a criminal case to transcribe the testimony for the use

of the defendant without the payment or tender of fees therefor, unless the court itself orders the testimony written up; and in the absence of such order or tender of fees *mandamus* will not lie to compel the transcription.

ID.—DISCRETION ·OF COURT.—It is wholly within the discretion of the court whether or not it will order the evidence written up at the expense of the county; and the court cannot be compelled by *mandamus* to fix a time within which the phonographic reporter shall transcribe his notes, unless there is a legal duty resting upon the reporter to transcribe the same.

PETITION for Writ of Mandate against the Superior Court of the City and County of San Francisco. William P. Lawlor, Judge, and Platt B. Elderkin, Phonographic Reporter.

The facts are stated in the opinion of the court.

Milton Shepardson, for Petitioner.

No appearance for Respondents.

HENSHAW, J.—This is an original petition for a writ of mandate against the respondents, the Hon. W. P. Lawlor, judge of the superior court, and Platt B. Elderkin, his official phonographic reporter. The application for a writ is based upon the provisions of section 269 of the Code of Civil Procedure, as follows: ''Such reporter, or any one of them, where there are two or more, must, at the request of either party, or of the court in a civil action or proceeding, and on the order of the court, the district attorney, or the attorney for defendant in a criminal action or proceeding, take down in shorthand all the testimony, . . . and if directed by the court, or requested ·by either party, must, within such reasonable time after the trial of such case as the court may designate, write out the same, or such specific portions thereof as may be requested, in plain and legible longhand, or by typewriter, or other printing machine, and certify to the same as being correctly reported and transcribed, and when directed by the court, file the same with the clerk of the court.'' As to the phonographic reporter, a demand or request for a transcription is alleged, with the reporter's refusal to comply therewith. As to the judge, it is averred that after request he has

refused to designate a reasonable time within which the transcription by the phonographic reporter shall be made.

We are of the opinion that as to neither of the respondents should the writ issue. We are further of the opinion that for the correction of possible abuses, and for the elucidation of the proper procedure in such cases, a brief exposition of the matter will be both pertinent and valuable.

First, as to the judge: Section 269 contemplates that, in the exercise of his sound discretion, the judge may order a transcript of proceedings, or of any part of them, to be made by the phonographic reporter. When so ordered by the judge, or "by the court," the fees of the phonographic reporter become a proper charge against the county treasury. (Code Civ. Proc., sec. 274.) Section 269 further contemplates that, in a proper case, the trial court, when called upon, will designate the "reasonable time" within which the phonographic reporter shall file the transcription of his notes. A proper case is one where it has become the duty of the phonographic reporter to make the transcription, and where, for the orderly and expeditious procedure of the case, the court is asked to designate the time within which the phonographic reporter shall perform his duty. But, manifestly, if the case be one where the shorthand reporter is not called upon to make a transcript, it is not one which calls for a declaration of time upon the part of the court.

The application for a writ against the respondent judge for having refused to designate such a time is denied, because, for reasons next hereinafter to be considered, the case was not one calling for a declaration from the court.

We thus come to, second, the rights of the parties and the duties of the phonographic reporter. Section 269 in this regard provides that the reporter must, if requested by either party, transcribe such specific portions of his notes as may be designated. We have already seen that when this request is made by the court the law expressly provides that the phonographic reporter's fees shall be a charge against the county treasury. But where the request is made by either party it becomes the duty of the reporter to make the transcription only upon tender or payment to him of his legal fees and charges. A defendant in a criminal case, like a defendant in a civil case, is chargeable with fees as to all matters, sav-

ing those from the payment of which he is especially exempted
by law. He is so especially exempted as to certain matters.
He is exempted from bearing all or any part of the costs of
his trial. Upon his appeal the state, in its liberality, re-
quires the county clerk to prepare and print, as a county
charge, his transcript. By express enactment of law, no fee
is exacted for the filing of his papers upon appeal in this
court. But each and all of these exemptions are matters of
express statutory enactment. Where the codes are silent, the
costs are still thrown upon a defendant in a criminal case, as
well as upon a defendant in a civil case. Thus the defendant
must himself pay for the printing of the brief which he pre-
sents to this court. The same holds true when a demand is
made directly upon the phonographic reporter for a tran-
script of all or any part of the proceedings upon his trial. If
he orders it himself, he must pay for it himself, and until he
pays the phonographic reporter is not compelled to do the
work. If he is unable to pay, an appeal may always be made
to the judge, who will thus have an opportunity to review the
request, and to designate the transcription of such portions
of the record as may be fit and necessary for the purpose
intended. In such cases the rights of the county are
preserved, in that the expenses of an excessive transcript
are not cast upon it, and, upon the other hand, the de-
fendant's rights are fully protected, since, without cost to
him, he has obtained all that he is entitled to present upon
his appeal.

The construction contended for by petitioner would lead to
unbearable abuses and untold extravagance. It would re-
sult that in every criminal case in which a conviction was had,
by the mere request of the defendant, he could cause every
word of the proceedings to be transcribed and the cost of the
transcription made a burden upon the county. Under such a
system, it would at least be a question whether or not the
state could not better permit the depredations of felons to go
unpunished, as causing the community less loss than would
their successful prosecution to conviction.

Therefore, to sum up, we hold that it is the duty of the
phonographic reporter to comply with the request made by
either of the parties litigant, only upon payment to him of his
fees; that it is his duty, when ordered by the court, to furnish

transcripts, his fees being then a charge upon the county treasury.

For the foregoing reasons the petition for mandate is denied.

Beatty, C. J., Van Dyke, J., Shaw, J., Angellotti, J., Lorigan, J., and McFarland, J., concurred.