[Civ. No. 1682.    Third Appellate District.—June 7, 1917.]

## ELBRIDGE FAIRBANK, Petitioner, v. SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent.

RECEIVERSHIP—DURATION—DUTY OF COURT.—A court is not justified, through the medium of a receiver, in arbitrarily withholding property from the owner's control and enjoyment for an indefinite and unnecessary period.

ID.—MANDAMUS—DISCRETION OF COURT.—A court cannot be made by *mandamus* to exercise its discretion in a particular manner.

ID.—DISCHARGE OF RECEIVER—SALE OF PROPERTY—DISCRETION.—*Mandamus* will not issue to compel the superior court to discharge a receiver appointed to manage real property, collect the rentals, and apply the same according to the terms of a decree in an action for maintenance, in order to allow the husband to make a sale of his interest in the property, regardless of his willingness to give such security for the protection of the persons interested in the receivership as the court may require, as such a question is one addressed to the sound discretion of the trial court.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the Third Appellate District to compel the Superior Court to discharge a receiver.

The facts are stated in the opinion of the court.

M. P. Shaughnessy, F. A. Copestake, and Downey, Pullen & Downey, for Petitioner.

Edward Van Vranken, for Respondent.

CHIPMAN, P. J.—Petitioner seeks the writ of mandate to compel the defendant to make an order discharging the receivership referred to in the petition and permitting the transfer of the property held by the receiver to J. M. Henderson, Jr., subject to such liens, limitations, and restrictions as the court may deem necessary to safeguard the objects for which the receivership was created.

It appears that petitioner owns a life estate, with remainder over to his children, in certain real property described as follows: A farm commonly known as the Barton ranch, situated in Sacramento County, containing about 320 acres; a tract of about 98 acres, known as the Soles ranch, in said county; three and a half acres situated in the city of Stockton at the intersection of Van Buren and Smith Streets; lot 4, block 20, situated in Chinatown, said city, and that he owns no other property; that on July 17, 1914, the superior court of said San Joaquin County duly made and entered its decree, in an action commenced by Eliza M. Fairbank, wife of petitioner, for support of herself and the children of herself and petitioner, awarding one hundred dollars per month therefor, and appointing R. C. Pardee receiver of the said property of petitioner for the purpose of its management, collecting the rentals, and applying the same pursuant to said decree; that subsequently the sum of one hundred dollars was reduced to eighty dollars per month because of the marriage of one of said children; that by said decree petitioner was enjoined from transferring any of said property pending the further order of the court. The petitioner sets forth that petitioner had an offer from said Henderson to purchase petitioner's interest in said property upon terms ''advantageous to petitioner,'' and that petitioner stated to the said Eliza Fairbank all the facts connected with said offer, agreeing, if she would consent thereto, to pay all back alimony amounting to $440; also to pay a judgment lien resting on said property amounting to $230.50 and accrued interest, and to secure to her by a lien against the property the current alimony or give any additional security the said Eliza might think neces-

sary, all of which she refused; that thereafter petitioner filed a motion in the action of Fairbank *v.* Fairbank, a copy of which and the affidavits, in support of said motion, of said Henderson and petitioner are attached to the petition, together with the counter-affidavits of said Eliza and said receiver and one Lafe Ward; that said motion came on to be heard March 19, 1917, at which time petitioner "made and filed a specific written offer, copy attached to the petition herein as exhibit 'H'; that at said hearing the superior court, Honorable George F. Buck, presiding, refused to grant said motion or to grant or make an order discharging said receiver conditioned on any terms whatever"; that petitioner and said Henderson are "willing and able to secure said Eliza M. Fairbank absolutely if said receivership is discharged," but the court refused to discharge said receivership "regardless of such security as shall be given."

It is not necessary to set forth specifically the offer made in exhibit "H." Suffice it to say that it is substantially the same as was made to Mrs. Fairbank, and is sufficiently comprehensive to constitute what in an ordinary business transaction would be regarded by prudent business men as good and sufficient security for the payment of the amount decreed to be paid by the court. The financial ability of said Henderson to meet his proposed obligations is clearly shown.

The following uncontradicted facts appeared from the affidavit of Mrs. Fairbank: "That prior to the judgment in said action and the appointment of said receiver the said defendant had grossly wasted and squandered all the rents, profits, proceeds, and avails of said property in pursuance of a dissolute and dissipated mode of living, resulting in the actual abandonment of plaintiff and of plaintiff's and defendant's minor children and of the withdrawal of all support and maintenance of plaintiff and of said children, and reducing them to a state of destitution bordering on starvation; that since the judgment of said court constituting said receivership, said defendant has continued to pursue a similar course of conduct, with the exception that his excesses and dissipations have been limited to the extent of his being deprived of the income of said property now devoted to the maintenance of said plaintiff and children and to the redemption and clearance of said property from the charges and liens permitted to accrue against it by said

defendant; that the income of the various properties, made the subject of said receivership, would have been at all times sufficient to have paid in full all the demands of said judgment and in addition to pay the defendant a yearly sum amounting to three hundred dollars and more, save for the improvident, wasteful, and extravagant handling of said property by said defendant prior to the appointment of said receiver, to wit: Neglect and failure to pay the state, county, and city taxes from time to time accruing against the said property, thereby adding heavy penalties and forfeitures, said taxes requiring redemption by the receiver; failure to insure the buildings on said property and to incur the necessary expenses of repair to preserve said buildings from actual dissolution by the elements; permitting a judgment by default to be obtained against him in the superior court of the county of San Joaquin, state of California, in reference to the encroachment of a building owned by said defendant upon the land of an adjoining owner to said property in the city of Stockton, settlement of which has of necessity been undertaken by the said receiver to prevent a sale of said property under execution; that prior to the appointment of said receiver the defendant had collected rents for the use and occupation of his various properties for periods ranging from one year to five months in advance, with the result that when said receiver actually began receiving the rents from said properties, the various charges, as well as some six months' allowance granted the plaintiff by said judgment, had accumulated against the said properties, a detailed and itemized statement of which are fully set forth in the various reports and accounts of receiver on file in said action, to which reference is hereby made.''

The following, taken from said affidavit, while containing few additional facts, sets forth some of the reasons which doubtless had weight with the court at the hearing of the motion: ''That in the event that the motion of Elbridge Fairbank now pending in the court should be granted upon the conditions, restrictions, reservations and liens therein proposed to be made and charged upon the property proposed to be transferred by Elbridge Fairbank to J. M. Henderson, Jr., the said plaintiff could, and in all probability at some future date would, be greatly prejudiced and injured by the discharge of said receivership and the substitution of an agreement in its stead with J. M. Henderson, Jr., notwith-

standing that such agreement might impose liens and restrictions on said property for the security of her allowance for support under such judgment, in this, that any lien created by such agreement in favor of plaintiff would absolutely cease and terminate at the death of defendant, terminating his life estate in said property and would be no security whatever for any sum or sums that might be due from the said J. M. Henderson, Jr., at the death of Elbridge Fairbank; that by the discharge of said receiver the said property would immediately pass from the jurisdiction and control of the superior court of the state of California and from the attendant protection afforded plaintiff in the collection of said judgment by the receiver clothed with authority as an officer of said court and entitled to invoke its summary process in the ordinary performance of his duty as such officer, without recourse to litigation outside the above-entitled action and without expense to the plaintiff, whereas, if at any future time an occasion might arise for the enforcement by plaintiff of any of the terms of such agreement proposed, she would be put to the necessity of instituting suits and entering upon litigation, the successful prosecution of which her circumstances would not permit; that the alleged financial standing and wealth of the said J. M. Henderson, Jr., would only more redound to plaintiff's detriment in the event that at any time under such proposed agreement it would be necessary for plaintiff to institute an action for the enforcement of her rights; that the proposed transfer of said property to J. M. Henderson, Jr., by Elbridge Fairbank, the defendant, would not result in any increased benefit to said defendant that could not be realized for said defendant under said receivership in that the leases of said property from which the said J. M. Henderson, Jr., proposes to derive increased revenue are executed by said receiver from year to year only and that any possible increased revenues could be equally as well realized from said property by said receiver without endangering any of the rights of said plaintiff under said judgment as aforesaid; that the title to said property vests in the children of plaintiff and defendant at the death of defendant, in fee; that the administration of said receivership by nature of its creation and continued existence under the direct provisions and control of the superior court of the state of California affords the fullest protection to the interests of the remaindermen in

said property which would be withdrawn upon the discharge of said receiver and the passing of the title in said life estate into the hands of strangers upon whom would be imposed no duty to conserve the interest of the reversionary owners in said property.''

Receiver Pardee, in his affidavit, states: ''That all transactions had in connection with said properties and the administration of said receivership are set forth in detail in the several reports and accounts of receiver on file in said action; that affiant has given much time and attention to the leasing of the two ranch properties which J. M. Henderson, Jr., alleges on information and belief only to possess a rental value double the present rental, and therefore states that said properties are yielding their full rental value at the present time in addition to being occupied by tenants of known responsibility and integrity who have leased said property under covenants to keep up and maintain the same on lease terms running from year to year only; that any prospective tenants desiring to pay increased rentals for said properties are at all times at liberty to apply to the receiver to lease the same upon the terms now prevailing, subject to the approval of the court; that said property would have yielded the defendant an income of three hundred dollars and more per year over and above all charges imposed by said judgment and receivership except for the improvident and reckless manner in which defendant had dealt with said property prior to the appointment of said receiver. . . . That the restraint upon the alienation of said property by defendant (a life interest only) imposed by said judgment and the application of the rents received from same through said receivership are the only proper safeguards to the collection of said judgment for plaintiff's support and maintenance that could be devised to meet the requirements of this particular case; that said defendant is not thereby deprived of any substantial benefit possible to be derived from the use of said property so long as said judgment remains in force and constitutes a charge upon it; that the proposed discharge of the receiver and transfer of said property to J. M. Henderson, Jr., would at best create nothing more than the relation of debtor and creditor with all the uncertainty attendant upon such relation whether secured or unsecured. . . . That the expense of said receivership is but one hundred dollars per year, and is more than offset by a

careful and prudent management of said property by the receiver under the supervision of the court; that such receivership affords the greatest measure of protection to the interests of the remaindermen in said property, the children of plaintiff and defendant, who are by their close relationship to and dependence upon the parties to this action, proper to be considered in all matters relating to the property rights before the court for consideration in said action; that the monthly allowance directed to be paid by said judgment is for the support and maintenance of plaintiff and the minor children of plaintiff and defendant."

It appeared by the affidavit of said Ward that he is a farmer and owns and cultivates lands in the vicinity of the lands in question situated in Sacramento County, and is familiar with rental values of said land, that the receiver is realizing its full rental value, and that such value could only be materially increased by means of reclamation from overflow of flood waters of Dry Creek, but that "the expense of improvements would be prohibitive."

Petitioner concedes that a proper case was presented for the appointment of a receiver; no suggestion is made of any mismanagement of the property by the receiver or that his compensation is excessive, and there was evidence that he is receiving the full rental value of the property and that any additional earning capacity of the property can readily be availed of through the receiver.

Petitioner's position will appear from the following statement in his brief: "It should be noted at the outset that petitioner is not here asking this court to determine what particular security, terms, or conditions the lower court should have exacted as a consideration for discharging the receivership. Undoubtedly much would rest in the discretion of the lower court respecting such terms, security, and conditions. As to these matters which would rest in the discretion of the lower court we are asking no relief, as we concede that mandate will not lie to review a discretionary act unless that discretion is abused. Our position is, however, that the law imposes the duty to terminate a receivership whenever the necessity for its existence ceases. In view of the fact that the affidavits and the offers made by petitioner eliminated absolutely every contingency which made the receivership necessary, provided the conditions exacted by the court were complied with, we

contend that it was the duty of the court to prescribe what terms and conditions should be exacted. Its failure to do this was a failure to exercise its discretion, and in effect was a refusal to assume jurisdiction, and therefore *mandamus* will lie to compel it to do so.''

Again, to make clear petitioner's position, it is said in his brief: ''We do not believe that the right to so hold a man's property when he is willing to obviate every necessity for a receivership will be upheld as the law of this state. Section 140 of the Civil Code confers broad power on the lower court to appoint a receiver in the first instance, but it surely cannot be successfully argued that it permits such court to retain a receivership without regard to the security which a defendant may be able and willing to give. If the lower court in this case had attempted to fasten conditions upon the order discharging the receivership which were arbitrary and unreasonable, we think we would have been permitted even then, by a writ of mandate, to have compelled the imposition of reasonable conditions under the rule that in that class of cases, mandate will lie to correct an abuse of judicial discretion; *a fortiori,* we are clearly entitled to compel a court at least to say what conditions and what security is necessary in order to permit petitioner to retake his property.''

It may at once be conceded that a court will not be justified, through the medium of a receiver, in arbitrarily withholding property from the owner's control and enjoyment for an indefinite and unnecessary period. Petitioner is not seeking restoration of the property to his own control. The facts show that he is utterly incapable of managing it, and that it would be an abuse of discretion should the court place it again in his control. What petitioner is seeking is that the property be taken out of the control of the court and the life estate be transferred to Mr. Henderson. There is no showing that this would result in any advantage to Mrs. Fairbank and her children not now enjoyed under the receivership. Petitioner alleged that the offer of Mr. Henderson ''would be advantageous to petitioner,'' but in what way is not shown other than through an increased income, and as to this the evidence is conflicting, the showing by respondent being that the property is now yielding all the rentals of which it is capable, and that any increase in income can as readily be accomplished through the receiver as through Mr. Henderson.

It is a well-settled general rule that *mandamus* does not lie to control the discretion of a court or judicial officer; and, whatever exceptions there may be to the general rule, that a court cannot be made by *mandamus* to exercise its discretion in a particular manner. (*Kerr* v. *Superior Court,* 130 Cal. 183, 185, [62 Pac. 479].) In the instant case the motion was to discharge the receiver on the ground "that it is in the interests of the defendant to convey said property as aforesaid. That the interests of the plaintiff were not to be affected in any manner prejudicially by reason of the granting of said motion." Concededly, the motion was directed to the discretion of the court, but the court was not bound to exercise its discretion in a particular way unless under the facts only one order was proper. (*Wood* v. *Strother,* 76 Cal. 545, [9 Am. St. Rep. 249, 18 Pac. 766].) The court, in the exercise of its discretion, denied the motion, and with its action we cannot interfere unless it abused its discretion. Considering all the facts and circumstances, we cannot say the court abused its discretion. The case is not, in our opinion, one where "only one order is proper," which seems to be petitioner's contention.

In the answer the respondent stated that he denied the motion "for the reason that the court in its discretion believed that the best interests of the plaintiff and her minor children would be promoted thereby, and for the further reason that such interests would be better protected and secured by permitting said receivership to stand than by substituting therefor contracts to be entered into by said J. M. Henderson, Jr., the said Elbridge Fairbank, or other persons, or by orders of said court imposing so-called liens or conditions of doubtful validity."

The writ is denied.

Hart, J., and Burnett, J., concurred.