[Civ. No. 5393.   First Appellate District, Division One.—November 7, 1925.]

## CHARLES SVOBODA, Petitioner, v. CLAUDE F. PURKITT, as Judge, etc., Respondent.

[1] CRIMINAL LAW—ROBBERY—PROBATION—JURISDICTION—DISCRETION —MANDAMUS.—A superior court has power to hear and determine an application for probation, notwithstanding the applicant was convicted by plea of guilty of robbery, which the court found to be robbery of the second degree, and the court is given information that the applicant was possessed of a loaded revolver at the time of the commission of said crime, but whether any proceedings to that end shall be entertained is a question resting entirely in the discretion of that court, which cannot be controlled or reviewed by *mandamus.*

(1) 16 C. J., p. 1289, n. 43 New; 38 C. J., p. 645, n. 48.

APPLICATION for a Writ of Mandate to compel Claude F. Purkitt, as Judge Presiding of the Superior Court of the City and County of San Francisco, to hear and determine a motion for probation.   Denied.

The facts are stated in the opinion of the court.

Milton T. U'Ren for Petitioner.

Matthew Brady, District Attorney, and William W. Murphy, Assistant District Attorney for Respondent.

CASHIN, J.—An application for a writ of mandate directing respondent, as judge of the superior court in and for the city and county of San Francisco, to hear and determine a motion for an order placing petitioner upon probation.

[1] Petitioner was charged by information filed in the court mentioned with the crime of robbery, to which charge he entered a plea of guilty, and respondent thereupon made a finding determining the degree of the crime of which petitioner was guilty to be robbery of the second degree.   Petitioner thereupon moved for the order mentioned, which motion respondent declined to hear or consider for the reason

1. See 8 Cal. Jur. 454.

stated in respondent's answer to the petition herein, which is as follows: ''that the sole and only reason for the refusal and failure of said defendant (respondent) to entertain said motion for probation was based upon the belief of this defendant that this defendant was wholly without jurisdiction or power to entertain and/or hear and/or determine said motion for probation by reason of the fact that certain information was given to this defendant that said petitioner was possessed of a deadly weapon, to wit, a loaded revolver at the time of the commission of said crime, and in this connection defendant alleges that he was ready and willing to assume jurisdiction of said motion for probation and to determine and consider the same provided he, the said defendant, had jurisdiction °to entertain said motion and to hear and determine the same.''

It is provided by section 1203 of the Penal Code that ''After the conviction by plea or verdict of guilty of a public offense where discretion is conferred upon tĥe court or any board or commission or other authority as to the extent of the punishment, the court or board or commission or other authority before judgment and sentence and except as hereinafter provided, may upon oral suggestion of either party or of its own motion when it appears that there are circumstances which may properly be taken into view either in aggravation or mitigation of the punishment, may in its discretion refer the same to the° probation officer directing said probation officer to investigate and to report, recommending either for or against release upon probation at a specified time, and the court shall hear the same summarily at that specified time and upon such notice to the adverse party as it may direct . . . '' and, further, that nothing contained in the section shall apply to certain cases, including robbery, where the person convicted of such crime was at the time of the commission thereof armed with a deadly weapon. It is contended that the above provisions not only limit the power of the court to grant probation, but also its power to hear and determine a motion therefor, and that having received the information mentioned in the answer before the making of a motion for relief under the statute, the court is precluded thereby from hearing or acting thereon.

While we are satisfied, in view of the facts in the instant case, that the court has power to hear and determine the application for probation, whether any proceedings to that end shall be entertained is a question resting entirely in the discretion of that court (Pen. Code, sec. 1203; *People* v. *Dunlop,* 27 Cal. App. 460, 470 [150 Pac. 389]), which cannot be controlled or reviewed by *mandamus* (*Kerr* v. *Superior Court,* 130 Cal. 183 [62 Pac. 479]; *Richards* v. *Superior Court,* 145 Cal. 38 [78 Pac. 244]; *Realty Construction Co.* v. *Title etc. Co.,* 165 Cal. 543 [132 Pac. 1048]; *Bender* v. *Hatton,* 160 Cal. 372 [117 Pac. 322]; *Tomkin* v. *Harris,* 90 Cal. 201 [27 Pac. 202]), and the petition for a writ of mandate will therefore be denied.

Tyler, P. J., and Knight, J., concurred.