[Crim. No. 1583. First Appellate District, Division One.—August 29, 1930.]

THE PEOPLE, Respondent, v. JOE COSTA et al., Appellants.

Eugene H. O'Donnell and John D. Harloe for Appellants.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Appellants were found guilty by a jury of an attempted burglary, and after motions for probation and new trial were heard and denied were sentenced to imprisonment in the state prison for the period prescribed by law. Thereupon they took this appeal from the judgment of conviction and the order denying their motions for new trial. In presenting their appeal they make no claim that they were tried unfairly or convicted unjustly, it being stated in their brief, in this regard, that they "do not seek a reversal of their conviction, nor at this time do they attack the order denying their motions for new trial"; but they contend that in determining their applications for probation the trial court erroneously took into consideration certain evidence relating to the possession of a revolver; and they ask, therefore, that the judgment of sentence be set aside and that the cause be remanded to the trial court for the purpose of having their applications for probation again considered and determined.

Section 460 of the Penal Code declares, in part, and the jury in the present case was instructed, that "every burglary of an inhabited dwelling house or building in the night time, and every burglary, whether in the day time or the night time, committed by a person armed with a deadly weapon . . . ," etc., is burglary of the first degree; and that all other kinds of burglary not defined therein are of the second degree. The evidence adduced at the trial of the present case established without conflict that the attempted burglary was committed at 1 o'clock in the morning, and that the house sought to be entered was a dwelling actually occupied at the time by a Mrs. Julia Baccei and her husband. Nevertheless, the jury found that it was an attempted burglary of the second degree. The evidence further shows that the crime of burglary was not consummated because appellants fled from the house when Baccei phoned for the police. Within an hour thereafter, however, appellants returned to the premises with the evident pur-

pose of again seeking entrance; but upon entering the yard they were seen by Mrs. Baccei, who immediately summoned the police, and within a few minutes thereafter the police captured appellants about half a block from the Baccei home. They were searched and a "jimmy" and a flashlight were found on one of them and a Colt's revolver on the other.

Immediately following the trial court's adverse ruling upon the application for probation and the pronouncement of sentence, counsel for appellants inquired whether, in denying such applications, the court "considered the fact, that a gun was used in the perpetration of this crime." In response thereto the court said: "The evidence discloses that a deadly weapon was found in the possession of the defendants at the time of their arrest. Am I correct in that statement?" to which counsel for appellants replied, "I concede that." The court then stated: "Under the case of *People of the State of California* versus *Freithofer*, 103 Cal. App. 165 [284 Pac. 484], the court is compelled to entertain a motion for probation, but it is discretionary with the court whether probation shall be granted or denied. The view I take of that situation is this: that probation should be denied where a deadly weapon is either found in the possession of the defendants at the time of their arrest or where they were armed with a deadly weapon at the time of the commission of the offense. It is a matter of discretion with the court whether probation be granted or denied, but I believe in the full enforcement of the statute and, therefore, deny probation in these cases." The court further stated, in response to a question asked by counsel for appellants, that its opinion would be the same "regardless of the fact that the jury recommended second degree. . . ."

▮ The argument appellants make in support of the appeal is that the jury's verdict finding that the attempted burglary was of the second degree was "in effect an acquittal of them of first degree attempt and specifically excluded the use by them of the dangerous and deadly weapon found" in their possession at the time of their arrest, and that, therefore, in passing upon the applications for probation, the trial court erred in taking into consideration the evidence relating to the possession of the revolver.

We find no merit in the point. Section 1203 provides, among other things, that "probation shall not be granted to any defendant who at the time of the perpetration of the crime *or at the time of his arrest was armed with a deadly weapon. . . .* " Obviously, therefore, in view of the foregoing provisions, and irrespective of whether appellants were armed at the time of the attempted burglary, they were not entitled to probation because the conceded fact is that they were armed at the time of their arrest, which was within a few minutes after the attempted burglary. ▪ Moreover, in all cases, the question of whether probation shall be granted is one that is committed entirely to the sound discretion of the trial court (*People* v. *Blumen,* 87 Cal. App. 236 [261 Pac. 1103]; *Svoboda* v. *Purkitt,* 75 Cal. App. 148 [242 Pac. 81]), and it is well settled that in determining the question the trial court is not bound by the finding of the jury as to the degree of the crime (*Svoboda* v. *Purkitt, supra*), but "may take into consideration in exercising its discretion . . . all of the facts and circumstances of the crime and of the character and life of the defendant irrespective of whether the same be disclosed by the evidence in the case or by other proper means, as, for instance, the probation officer's report." (*People* v. *Freithofer,* 103 Cal. App. 165 [284 Pac. 484].)

For the reasons stated the judgment and order appealed from are affirmed.

Tyler, P. J., and Cashin, J., concurred.