[Civ. No. 9044. First Appellate District, Division One.—June 28, 1933.]

THOMAS H. GREENE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Dinkelspiel & Dinkelspiel for Petitioner.

Waldo F. Postel for Respondent.

KNIGHT, J.—Pursuant to a motion made by one of several defendants in an action pending before the respondent court, and after a full hearing on the merits of said motion, the court made an order directing that the amount of an undertaking on attachment be increased from $4,000 to $25,000. Shortly afterwards petitioner as plaintiff in the action moved the court to set aside said order, and after hearing the motion the court indicated, so petitioner alleges, that the same would be denied. Without waiting further action in the matter petitioner instituted this proceeding in *mandamus* to compel the respondent court to grant his motion. We find no legal ground upon which the writ may issue.

The action was filed in July, 1932, by petitioner, an attorney in New York City, against Nathan, Abe and Jack Scharlin, First and Second Doe, and Scharlin Bros., a copartnership, to recover the sum of $113,617 claimed to be due for legal services; and an order was issued for the publication of summons based upon an affidavit averring that Nathan and Abe Scharlin were nonresidents of this state, and that Jack Scharlin was a resident of this state but was concealing himself to avoid service of summons. Up to the time the present proceedings were instituted there had been no publication of the summons, nor had personal service thereof been made on the nonresident defendants. About four months after the action was filed, upon furnishing an undertaking in the sum of $4,000 and an affidavit which contained the averment also that Jack Scharlin was concealing himself for the purpose of avoiding service of summons, petitioner obtained a writ of attachment which he caused to be levied on numerous bank deposits in San Francisco, aggregating $13,000, all of which stood in the name of Lucy Scharlin, the wife of Jack Scharlin. She served upon the sheriff a third party claim thereto, and in order to prevent the release of the attachment, petitioner furnished the sheriff with an indemnifying bond in the sum of $26,000. Thereupon, petitioner

caused said writ to be levied on several parcels of real estate situate in the city and county of San Francisco and in the counties of Lake and San Mateo, of the estimated value of $57,500, the record title to which stood also in the name of Lucy Scharlin, the same having been conveyed to her by her husband about a year prior to the date of said levy; and she made third party claim thereto. In January, 1933, Jack Scharlin, appearing through his attorney, presented a motion to discharge the attachment upon the ground that his whereabouts was not concealed and that summons could be easily served upon him. The motion was denied and during the following month, February, 1933, he appeared in the action and presented the motion above mentioned to increase the amount of the undertaking on attachment upon the ground that the amount of the original undertaking was inadequate. As stated, the motion was heard on the merits and granted; and petitioner's motion to set aside said order followed.

As will be seen, the determinative question presented by the pending proceeding is one of jurisdiction, that is, whether a superior court is vested with jurisdiction and power to order an increase in the amount of the undertaking on attachment. The decisions of this state hold uniformly that it is—that such jurisdiction and power is incidental to the provisional remedy of the attachment (see *Francis* v. *Superior Court,* 58 Cal. App. 618 [209 Pac. 80], and cases cited therein; also *American W. & P. Co.* v. *Superior Court,* 19 Cal. App. 497 [126 Pac. 497]), and petitioner expressly so concedes, but contends that "in this particular instance in view of the particular showing, or rather lack of showing, made by the defendant that the present undertaking was inadequate security as to him", the respondent court "was not authorized or justified in, and was powerless to, order the undertaking on attachment increased". This contention is based upon defendant's failure to refute certain averments set forth in two affidavits filed on behalf of petitioner at the time of the hearing of said motions, to the effect that said defendant had at all times disclaimed any interest in or to the properties concerning which the levies were made, and had at all times asserted that his wife was and is the sole owner thereof. One of said affidavits was filed in opposition to the motion

to increase the amount of the undertaking and the other in support of petitioner's motion to set aside the order made in that behalf.

It is evident that the foregoing contention is entirely foreign to the jurisdictional issue, that is, as to whether the court had the power to entertain and decide said motion to increase the amount of the undertaking, and that it relates exclusively to the question of the weight of evidence, that is, as to whether the court properly exercised its discretionary power in granting said motion upon the evidence then before it; and in this latter respect it is well settled that a *mandamus* proceeding may not be used for the purpose of controlling the exercise of discretionary power, nor of reviewing the conclusion reached by the fact-finding body, after the discretionary power has been exercised, however erroneous such conclusion may be. (*Kerr* v. *Superior Court,* 130 Cal. 183 [62 Pac. 479]; *Splivalo* v. *Bryan,* 102 Cal. 403 [36 Pac. 780]; *Gammon* v. *McKevitt,* 50 Cal. App. 656 [195 Pac. 726]; *Richards* v. *Superior Court,* 145 Cal. 38 [78 Pac. 244]; *Realty etc. Mtg. Co.* v. *Title etc. Co.,* 165 Cal. 543 [132 Pac. 1048]; *Fairbank* v. *Superior Court,* 34 Cal. App. 66 [166 Pac. 864]; *Los Angeles A. T. Co.* v. *Superior Court,* 94 Cal. App. 433 [271 Pac. 363].) True, in exceptional cases of palpable abuse, "where the discretion ceases, and the act to be done is purely ministerial, [and] the duty becomes absolute", it has been held that *mandamus* may be invoked. (*Pacific Palisades Assn.* v. *City of Huntington Beach,* 196 Cal. 211 [237 Pac. 538, 40 A. L. R. 782]; *Alexander* v. *Superior Court,* 91 Cal. App. 312 [266 Pac. 993].) But we have no such case here. In causing the real property to be attached, and thereafter in insisting upon maintaining the levy against the third party claim, petitioner was compelled necessarily to take the definite position that defendant was and is the owner of said property or of some substantial interest therein which was subject to attachment; and since the title thereto had not been adjudicated at the time of the hearing of defendant's motion to increase the amount of the undertaking, a question of pure fact was presented to the trial court to determine whether the amount of the original undertaking adequately protected whatever interest the court believed from all the

circumstances before it the defendant possessed in said property, and if not to what extent the amount thereof should be increased; and the fact that defendant may have failed to refute the averments of petitioner's affidavits did not operate to deprive the court of the right to exercise its discretionary power in either granting or denying the motion for the reason that the filing of the motion by the defendant for such increase in itself may have been considered as an assertion of title on his part to some interest in the property; or, as the trier of the facts, the trial court may have refused to accept as true those particular averments of petitioner's affidavits which defendant did not see fit to deny. The trial court may have taken into consideration also, in deciding the matter, petitioner's apparently contradictory position in seeking to maintain the attachment against said third party claim upon the ground that the property belonged to the defendant and not to the third party, and at the same time seeking to defeat defendant's motion to increase the amount of the undertaking upon the ground that the property belonged to the third party and not to the defendant. Without going into further details, we believe that the circumstances above stated sufficiently show that the trial court was confronted with a situation calling for the exercise of a discretionary power, and therefore, under the decisions above cited, *mandamus* will not lie to review the manner in which it was exercised, even though it be conceded that the conclusions reached were erroneous. (*Lapique* v. *Superior Court,* 24 Cal. App. 313 [141 Pac. 223]; *First Nat. Bank* v. *Superior Court,* 71 Cal. App. 64 [234 Pac. 420].)

Moreover, section 963 of the Code of Civil Procedure affords a right of appeal from an order dissolving an attachment, which order the trial court would inevitably grant if petitioner declined to furnish the undertaking in the increased amount; and for that reason it would seem that petitioner is not entitled to the issuance of a writ herein. However, since it is clear that the writ must be denied upon the ground first mentioned, it is unnecessary to inquire into the merits of this latter point.

The writ is denied.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 26, 1933, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 24, 1933.