[No. 10,750.—In Bank.]
Sept. 15, 1882.

## THE PEOPLE v. PIERRE HARDISSON.

COMMITMENT—DEPOSITION.—Upon the examination of the defendant before the Justice the order for his confinement, provided for by Section 872 Penal Code, was indorsed upon the depositions taken at the examination and not upon the depositions accompanying the original information. *Held:* The order complied with the section referred to.

PLEA OF ONCE IN JEOPARDY.—Upon an appeal from a judgment of conviction for grand larceny, the judgment and order refusing a new trial were reversed on the ground that the evidence was insufficient to justify the conviction, and after the going down of the remittitur the defendant interposed a plea of once in jeopardy, such plea being based on the former conviction and reversal. *Held:* There is no merit in the point made by the defendant.

CIRCUMSTANTIAL EVIDENCE—REASONABLE DOUBT.—The Court instructed the jury: "In order to convict upon circumstantial evidence, the circumstances should be such as to produce nearly the same degree of certainty as that which arises from direct testimony, and to exclude a rational probability of innocence. The circumstances ought to be of such a nature as not to be reasonably accounted for on the supposition of the defendant's innocence, but perfectly reconcilable with the supposition of defendant's guilt;" and also instructed the jury that it must be sat-

isfied from the evidence of the guilt of the defendant beyond a reasonable doubt before they could find him guilty.

*Held :* There is no substantial conflict in these instructions. The instruction excepted to is sustained by *People* v. *Cronin*, 34 Cal. 191, and *People* v. *Padillia*, 42 id. 535. ·

APPEAL from a judgment of conviction and an order denying a new trial in the Superior Court of the County of San Benito. BRUN, J.

*B. B. McCroskey & R. H. Brotherton*, for Appellant.

*A. L. Hart*, Attorney General, for Respondent.

MYRICK, J.:

1. On the 7th of December, 1880, an information was laid before a Justice of the Peace, accusing "John Doe, real name unknown," of the crime of grand larceny, and a warrant of arrest was issued. On the 27th of that month, the defendant, having been arrested, was examined, and the depositions of witnesses were reduced to writing. The defendant declared his name to be Pierre Hardisson. After the hearing, the Justice indorsed upon the depositions taken on the 27th (not on the information laid on the 7th), the order provided for by Section 872 of the Penal Code. The defendant claims on this appeal that the order should have been indorsed on the depositions accompanying the information, instead of the depositions taken at the examination. The point is not well taken. The order was rightly indorsed on the depositions taken on the examination, and complies with Section 872, Penal Code.

2. On a former trial the defendant was found guilty, and he appealed to this Court. This Court rendered judgment in the following words: "The defendant was prosecuted for grand larceny, and was convicted of that crime. The evidence was clearly insufficient to justify a conviction, and error is confessed by the Attorney General. Judgment and order reversed." After the going down of the remittitur the defendant was put upon his trial and interposed a plea of once in jeopardy, such plea being based on the former conviction and reversal. On that plea verdict was for the people. The second trial was upon the same information, for

the same offense. 1. It does not appear that the testimony given on the second trial was identical with that given on the first trial; indeed other evidence was given, material and substantial. 2. This case is not within Section 1262, Penal Code. On the former appeal, not only was the judgment reversed, but the order refusing a new trial was also reversed—which was equivalent to the granting of a new trial. There is no merit in the point here made by the defendant.

The following instruction was given by the Court and excepted to: "In order to convict upon circumstantial evidence, the circumstances should be such as to produce nearly the same degree of certainty as that which arises from direct testimony, and to exclude a rational probability of innocence. The circumstances ought to be of such a nature as not to be reasonably accounted for on the supposition of the defendant's innocence, but perfectly reconcilable with the supposition of defendant's guilt." The jury were also instructed that they must be satisfied from the evidence of the guilt of the defendant beyond a reasonable doubt before they find him guilty. There is no substantial conflict in these instructions. The instruction excepted to is sustained by *People* v. *Cronin*, 34 Cal. 191, and *People* v. *Padillia*, 42 id. 535.

We see no error in the record.

Judgment and order affirmed.

MORRISON, C. J., and ROSS, MCKEE, MCKINSTRY, and THORNTON, JJ., concurred.