[S. F. No. 514. Department Two.—September 11, 1896.]

H. S. DIXON, AN INSANE PERSON, BY HIS GUARDIAN, J. R. DIXON, PETITIONER, *v.* E. W. RISLEY, JUDGE OF THE SUPERIOR COURT OF FRESNO COUNTY, RESPONDENT.

MANDAMUS—COMPELLING TRIAL OF CAUSES—AMENDMENT ALLOWED ON APPEAL—CONDITIONAL ORDER—JURISDICTION OF SUPERIOR COURT.— Where the appellate court directed the superior court to permit plaintiff to amend his complaint in certain specified respects, he has an absolute right to make those amendments; and though it is in the power of the superior court to interpret the judgment rendered upon appeal, it has no jurisdiction to affix conditions to the exercise of the privileges granted by the appellate court, and it cannot make a conditional order requiring the plaintiff to pay the costs of appeal with its accruing costs as a condition of the amendment, and of any further proceedings in the cause, and *mandamus* will lie to compel the court to allow the amendment as directed on appeal, and to proceed with the trial of the cause.

WRIT of mandate from the Supreme Court to the Superior Court of Fresno County. E. W. RISLEY, Judge.

The facts are stated in the opinion of the court.

*Minor & Ashley,* for Petitioner.

*Horace Hawes* for Respondent.

TEMPLE, J.—This is an application for a writ of mandate to require the superior court of the county of Fresno to allow plaintiff in a certain action there pending, to amend his complaint and to proceed with the trial.

H. S. Dixon, in April, 1891, commenced an action in the superior court of Fresno county to foreclose a mortgage. After the commencement of the action plaintiff became insane, and J. R. Dixon was appointed guardian for him. An amended complaint was then filed, in which J. R. Dixon, as guardian of H. S. Dixon, was plaintiff. The defendants appeared and answered, and the case was tried with the result that plaintiff recovered judgment. This judgment, on appeal to this court, was reversed and remanded, with leave to plaintiff to amend his complaint in certain respects specified. After the *remittitur* had been filed in the superior court an order was made, by stipulation of the respective parties in open court, that in all further proceedings plaintiff be represented by his guardian, and have leave to file an amended and supplemental complaint. The amended and supplemental complaint was filed in pursuance of the order.

Afterward, upon defendant's motion and upon notice, the court modified the order allowing an amended complaint to be filed, by requiring plaintiff, as a condition for permission to file the amended complaint, to pay the costs of the appeal, together with accruing costs, and ordered that all proceedings in the cause be stayed until such costs were paid; and the court further ordered that defendant's time to answer the amended complaint be extended until ten days after compliance with the order on the part of plaintiff, and after notice of such compliance had been given.

Plaintiff has not paid such costs, but, after the mak-

ing of said last-mentioned order, he asked the court to vacate the same, and to set the cause for trial. This the court refused to do, and still refuses to proceed with the trial of said cause unless plaintiff first pays said costs.

The respondents demur to the petition on the ground that it does not state sufficient facts and as uncertain. The point of the demurrer, in regard to uncertainty, is that it does not set out the facts constituting the cause of action in detail, or show what were the allegations or contents of the amended complaint. This was not necessary. The court was directed to permit plaintiff to amend his complaint in certain respects which were specified. He had an absolute right to make those amendments. Undoubtedly it was within the power of the superior court to interpret the judgment rendered here, and to restrict the plaintiff to those amendments. If the court erred in its construction of the judgment rendered by this court, or abused its discretion in refusing other amendments, such error or abuse of discretion could not be corrected by mandate. Plaintiff would be forced simply to take his exceptions and seek his remedy upon an appeal from the judgment. But when the court refuses to allow the amendments which were ordered by this court, even as understood by the trial court, it refuses to obey the direction of this court, and obedience may be compelled. It is not the province of that court to affix conditions to the exercise of privileges granted by this, unless, as is sometimes done, this court directs that the amendment may be made on terms to be fixed by the trial court.

It is conceded that the learned judge of the superior court acted in making the order in no contumacious spirit, but conscientiously in the discharge of his duty; but there has sometimes been friction, and if the judge could impose conditions upon the exercise of rights granted by this court, a litigant could, in some cases, be deprived of the benefit of a judgment in his favor here.

In no event, however, was the court justified in making an order which is equivalent to a refusal for an in-

definite period to try the case.   If the court had the right to impose the conditions, and the plaintiff refused to comply with them, the court should proceed with the trial on the pleadings as they now are.   Then if the plaintiff were defeated he could on appeal present the question whether in refusing the amendment the court abused its discretion.   Under the order the plaintiff must pay the costs or leave his case forever untried.

Let the writ issue as prayed for.

McFARLAND, J., and HENSHAW, J., concurred.