[Crim. No. 1086. In Bank.—July 23, 1904.]

## THE PEOPLE, Respondent, v. NOLBERTO CORONADO, Appellant.

CRIMINAL LAW — INSUFFICIENT INFORMATION — MISTAKEN DIRECTION UPON REVERSAL—MOTION TO RECALL REMITTITUR.—Where the case before this court was determined upon a motion in arrest of judgment for insufficiency of the information, and not upon demurrer, a mistaken direction to the superior court to sustain the demurrer to the information, may be treated as surplusage and disregarded by the superior court, which can dismiss the information and make all proper orders in that connection; and a motion to recall the *remittitur* to correct such direction will be denied.

ID.—IMMATERIAL DISTINCTION.—There is no material distinction between a demurrer for insufficiency of the information and a motion in arrest of judgment on the same ground except as to the time at which the objection is taken.

MOTION to recall Remittitur from the Superior Court of Santa Clara County. William G. Lorigan, Judge.

The facts are stated in the opinion of the court.

William A. Bowden, for Appellant.

U. S. Webb, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and James H. Campbell, District Attorney, for Respondent.

BEATTY, C. J.—The opinion delivered by the court in deciding this case is reported in 76 Pac. 1127. After the *remittitur* had been regularly issued our attention was called to the fact that we were mistaken in stating that the defendant had demurred to the information, his objection having been raised not by demurrer, but by motion in arrest of judgment. As a result of this mistake, we added to the judgment of reversal and order remanding the cause a *direction* to the superior court to sustain the demurrer. A motion is now made for an order recalling the *remittitur* and revising the judgment upon the ground that the superior court cannot follow the mistaken direction to sustain a demurrer which has no existence, and cannot, therefore, do anything further in the case.

There may be a question of our power to recall a *remittitur* issued under the circumstances of this case, but this is a question which it is unnecessary to decide, there being nothing to prevent the superior court from proceeding as it could and ought to have proceeded if the direction to sustain the demurrer had been omitted from the order remanding the cause. The direction is no part of the judgment and was wholly unnecessary, the judgment itself being a sufficient guide to the superior court in its further proceedings. There is no difference between a motion in arrest of judgment and a demurrer based upon the same grounds except the time at which the objection is interposed, and the effect of sustaining the motion is the same as the effect of sustaining the demurrer; i. e. the information or indictment must be dismissed. Here the grounds of the decision and the judgment of reversal, if they had been followed by no specific direction, would have required a dismissal of the information, accompanied by such

order or direction as to the filing of a new information as the superior court may have deemed proper. The direction, therefore, which is no part of the judgment, and was wholly unnecessary, may be treated as surplusage. The court cannot obey it because there is no demurrer, but it can dismiss the information, and it can make all other proper orders called for in that connection.

The motion is denied.

Shaw, J., Van Dyke, J., and Angellotti, J., concurred.