[Crim. No. 2349. In Bank.—October 11, 1921.]

THE PEOPLE, Appellant, v. ROY R. LAUMAN, Respondent.

[1] CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT—DEFINITION.— A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty, and it may be founded on any of the defects in the indictment or information mentioned in section 1004 of the Penal Code, unless the objection has been waived by a failure to demur, and must be made and determined before the judgment is pronounced.

[2] ID.—DEMURRER TO INDICTMENT—GROUNDS OF.—The defendant may demur to an indictment when it appears upon the face thereof either that it does not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code, or that the facts stated do not constitute a public offense.

[3] ID.—FORM OF INDICTMENT.—An indictment must contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, and it must be direct and certain, as regards the offense charged and the particular circumstances of the offense charged, when they are necessary to constitute a complete offense.

[4] ID.—OBJECTIONS TO INDICTMENT—HOW TAKEN.—When the objections mentioned in section 1004 of the Penal Code appear on the face of an indictment, they can only be taken by demurrer, except that the objection that the facts stated do not constitute a public offense may be taken after the trial, in arrest of judgment.

[5] ID.—SUFFICIENCY OF INDICTMENT.—In a prosecution for presenting a false proof in support of a claim upon a policy of insurance, under section 549 of the Penal Code, where the indictment alleged that the insurance company was organized and doing an insurance business on a certain date, that defendant procured a policy of insurance, and that, intending to cheat the said company, he presented false claims of proof of loss to it, the proof of loss being set out in the indictment, the indictment was sufficient although there was no allegation, in terms, that the proofs of loss were presented on contracts of insurance for the payment of a loss, and there was no allegation that the company whose existence was alleged issued the policies.

[6] ID.—JUDGMENTS — OMISSIONS — WHEN NOT PREJUDICIAL.—Under section 960 of the Penal Code no indictment is insufficient, nor can

the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits; and under section 1404, neither a departure from the form or mode prescribed by the Penal Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right.

[7] ID.—FAILURE TO ALLEGE CONTRACT IN FORCE—IMMATERIALITY OF. In such a case the indictment is not defective in not alleging that the contract of insurance was in force at the time the proof of loss was presented.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, Thomas A. Wood, Thomas Lee Woolwine, District Attorney, and W. J. Clark, Deputy District Attorney, for Appellant.

Chandler P. Ward, Samuel R. Blake and Davis, Rush & MacDonald for Respondent.

LAWLOR, J.—This is an appeal by the people from an order granting a motion in arrest of judgment. Respondent was charged in each of three counts of an indictment with the crime of presenting false proofs in support of a claim upon a policy of insurance, as defined by section 549 of the Penal Code. He had taken out three policies of fire insurance, one each in the Springfield Fire and Marine Insurance Company, the Providence-Washington Insurance Company, and the Concordia Fire Insurance Company. The respondent was engaged in the cleaning and dyeing business in the city of Los Angeles, operating under the name of the Imperial Dye Works. The policies covered the building, stock in trade, and other goods connected with the business, and also articles left with respondent by his customers. Two fires occurred on the premises, the first on June 5, 1917, and the second on July 14, 1917. Respondent filed claims

and proofs of loss with each of the three companies, and these are the proofs alleged to have been falsely made.

The indictment alleged the existence of the three insurance companies, the procuring of policies of insurance, not alleging they were procured in the above companies, the occurring of the fires, the presentation of the proofs of loss to the said companies, the falsity of the proofs, and respondent's knowledge thereof and intent to cheat and defraud the said companies. Each count charged the presentation of false proofs to one of the companies. A general demurrer was interposed to each count, and was disallowed. A trial of the three counts was had, and the jury returned a verdict of g-ilty on each count. Respondent interposed a motion for a new trial and a motion in arrest of judgment. The motion for a new trial was denied, no appeal being taken from the order. The motion in arrest of judgment was granted, and from the said order this appeal is taken.

[1] A motion in arrest of judgment is defined in section 1185 of the Penal Code as an "application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty, or on a verdict against the defendant, . . . It may be founded on any of the defects in the indictment or information mentioned in section ten hundred and four, unless the objection has been waived by a failure to demur, and must be made and determined before the judgment is pronounced." [2] Section 1004 of the Penal Code, as far as it is pertinent here, provides that "The defendant may demur to the indictment . . . when it appears upon the face thereof either . . . 2. That it does not substantially conform to the requirements of sections nine hundred and fifty, nine hundred and fifty-one, and nine hundred and fifty-two; . . . 4. That the facts stated do not constitute a public offense." [3] By section 950 of the Penal Code the indictment must contain "2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Section 951 prescribes the form of the indictment, and section 952 requires that "it must be direct and certain, as it regards . . . 2. The offense charged; 3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense." [4] Section 1012 provides in part: "When

the objections mentioned in section one thousand and four appear on the face of the indictment . . . they can only be taken by demurrer, except that the objection . . . that the facts stated do not constitute a public offense, may be taken . . . after the trial, in arrest of judgment.''

The demurrer specifies two grounds—that neither the indictment nor any count thereof states facts sufficient to constitute a public offense, and that neither the indictment nor any count thereof substantially conforms to the requirements of sections 950, 951 and 952 of the Penal Code. The motion in arrest of judgment specifies all the grounds mentioned in said section 1004, but on appeal respondent only urges that no count of the indictment alleges facts sufficient to constitute a public offense.

We quote from respondent's opening brief: ''The indictment in this case, and each of the counts contained therein, is fatally defective in alleging merely that the defendant presented 'a false and fraudulent claim of loss by fire.' There is no allegation that a claim was presented upon a contract of insurance for the payment of a loss.'' In his supplemental brief it is contended that ''Each count of the indictment wholly fails to allege that the contract of insurance which it is alleged Lauman obtained on a certain date *was issued* either by the company whose corporate existence is alleged or by the company to which it is alleged Lauman presented a proof of loss,'' and that ''It is absolutely essential to the stating of a public offense under such section that the indictment charge not only that, at the time of the fire, but at the time of the making and presenting of the proof of loss, there was a valid contract of insurance, then in full force and effect. As stated before, there is no allegation that any contract of insurance or otherwise was existing . . . at the time of its execution or presentation.''

[5] The different counts of the indictment are all worded alike, except for the difference in the identity of the insurance companies, the items covered and the terms of the policies. For brevity, we shall discuss the first count only. Considering the contention that there is no allegation that the proofs of loss were presented on contracts of insurance for the payment of a loss, and that there is no allegation that the companies whose existence was alleged issued the

policies, it is true the indictment does not, in terms, allege these facts. Section 959 of the Penal Code provides that the indictment is sufficient if "the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." The indictment in this case did allege that the Springfield company was organized and doing an insurance business on July 3, 1917; that respondent procured a policy of insurance, and that, intending 'to cheat the said company, he presented false claims of proof of loss to it. This proof of loss, which is set out in the indictment, is as follows: "Policy No. 424612, Agency at Los Angeles, Cal. Amount of policy, $2500.00. Expiration July 3, 1918. Sworn statement in proof of loss to the Springfield . . . Co. . . . By your policy as above, you insured Roy Lauman, trading as Imperial Dye Works, according to the terms and conditions printed therein," and at the end of the proof: "Total amount claimed of this company under above named policy, $2,011.97."

There are allegations, then, that the company was engaged in the insurance business at the time in question, and that a proof of loss was presented to it on a policy bearing a given number and issued to respondent, which proof of loss described the same character of property as that referred to in other portions of the indictment. It is incomprehensible to us how a person of common understanding could fail to be informed by the indictment that respondent was charged with anything different than presenting to the Springfield company a false claim of loss suffered by fire, upon a policy issued by it to him to cover property so falsely claimed to have been destroyed. The conclusion is irresistible that to a common understanding it would appear that the indictment was intended to charge that the Springfield company had issued a policy to respondent and that the claim of loss based thereon was upon a contract of insurance for the payment of a loss, inasmuch as a "policy" is but the written evidence of such a contract. (Civ. Code, sec. 2586.) Except for the failure to allege these facts specifically, the indictment was unobjectionable.

[6] The question is then presented whether these omissions resulted in prejudice to the respondent. Section 960

of the Penal Code provides: "No indictment . . . is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits." Section 1404 of the same code declares: "Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right." Many facts and circumstances shown by the record preclude the idea that the defects of the pleading prejudiced or tended to prejudice respondent's right to be sufficiently informed of the charge against him. In the first place the court instructed the jury as follows: "An intent to defraud is a material ingredient of the offense set forth in each of the three counts of the indictment, and you must not convict the defendant upon any of the said counts unless you believe beyond all reasonable doubt (1) That a contract of insurance existed between the defendant and the insurance company named in such count of the indictment; (2) That while such contract was in full force and effect that the defendant, in the county of Los Angeles, and within three years next preceding the filing of the indictment, presented or caused to be presented a false proof of claim to such company; (3) That the proof of loss so presented was willfully and intentionally false, and was presented with the intent on the part of the defendant to deceive and defraud said insurance company." It is plain that the instruction itself supplied the elements which are claimed to be lacking in the indictment, and it will be presumed that the jury followed this instruction when it found respondent guilty on each of the three counts.

Moreover, the policies were received in evidence without objection, and it was stipulated that they were issued to respondent by the respective companies. It was shown that respondent had previously sued two of the companies on their policies, and in the complaints in those actions he alleged the policies were issued to him. These complaints were received in evidence. In addition to this the proofs of loss, as we have shown, were set out *verbatim* in the complaint. These proofs, verified by respondent, set forth

that the policies were issued by the respective companies to respondent, and that a certain amount was claimed under each of them.

Apparently the attorneys for respondent did not discover the defects in the indictment until after the trial, for before the trial one of the attorneys presented an affidavit for a *subpoena duces tecum* in which he averred: "That he is one of the attorneys of record for the defendant herein, Roy R. Lauman. That the indictment charges the making of false proofs of loss as to two insurance policies: In Springfield Fire and Marine Insurance Company and the Concordia Fire Insurance Company, respectively. . . . That R. C. Heinsch is the agent of the Springfield Fire and Marine Insurance Company, and issued their policy No. 424,-612. That N. T. Horton was the agent of the Concordia Fire Insurance Company, and issued their policy No. 30,-804 . . . "

In *People* v. *Griesheimer*, 176 Cal. 44, [167 Pac. 521], the defendant was charged with the crime of obtaining money under false pretenses. The appeal was taken from the judgment of conviction and the order denying defendant's motion for a new trial. He was charged with falsely representing himself to be an agent of the "Fatherland Magazine," authorized to receive loans and subscriptions in its behalf, and with exhibiting a fictitious list of subscribers to induce persons to subscribe. In that capacity he was collecting money, and collected the sum of three hundred dollars from the prosecuting witness. The court, in holding the information to be sufficient, said: "The particular defect in this information, as urged by appellant, is that it does not show the causal connection between the false pretense and the parting with the property by the prosecuting witness, and therefore fails to state facts sufficient to constitute a public offense.

"We are of the opinion that as against the defendant's general demurrer the information should be held sufficient on appeal. While there is no direct allegation that the money was paid to the defendant as a subscription or loan to the 'Fatherland Magazine,' a reader of the information could hardly draw from it any other inference than that the payment was made for such purpose. It may be conceded that a direct allegation to this effect would have been

more in accord with technical requirements. But what was intended to be charged in this connection is perfectly plain from the language in fact used, and no person of common understanding could fail to understand that it was substantially charged, by necessary inference at least, that the money was paid because of the alleged false representations, and for the purpose suggested thereby.''

The attorney-general cites section 4½, article VI, of the constitution in support of his argument that the defects in the indictment are not prejudicially erroneous. Respondent contends, on the other hand, that the provision does not apply to an appeal by the state from an order granting a motion in arrest of judgment. But as we have reached the conclusion that the defects are fully covered by the statutes referred to, whose terms are in line with the constitutional provision, the question need not be considered.

[7] Respondent cites no authority, and we are aware of none, which supports his third contention, that the indictment is defective in not alleging that the contract of insurance was in force at the time the proof of loss was presented. This position is untenable. The act denounced by section 549 of the Penal Code is the presentation of false proofs in support of a claim on a contract of insurance for the payment of a loss. The statute does not provide that the contract must be operative at the time the claim of loss is made. The indictment does allege that the policies were in full force and effect at the time the fires occurred, and it is true the court instructed the jury that it was necessary to a conviction that a false proof of loss be presented while the contract was in effect, and within three years next preceding the filing of the indictment. The indictment cannot be held to be defective in failing to allege that the contract was in full force and effect at the time the proof of loss was presented. To hold otherwise would be to lay down a rule that where the loss occurs while the contract is in full force and effect and the false proof of loss is not presented until after the period of coverage has expired, a case could not be made out under section 549 of the Penal Code. Such is not the law. Each count alleges that the policy was in full force and effect on a certain date, and gave the same date as the date of the fire. It was, therefore, unnecessary to allege that the policy was in full force and effect when the

proof of loss was made, for as matter of law it remained operative for the presentation of proof of loss. It appears from the indictment that the proof of loss was filed in each case within two months from the date of the two fires.

It must be held that the indictment substantially alleged facts sufficient to constitute a public offense under section 549 of the Penal Code and that respondent was not prejudiced by the defects of pleading complained of.

Order reversed and cause remanded for further proceedings in contemplation of sections 1191 and 1202 of the Penal Code.

Wilbur, J., Sloane, J., Lennon, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.