[Crim. No. 1642. Second Appellate District, Division One.—June 18, 1928.]

THE PEOPLE, Respondent, v. F. J. HUDSON, Appellant.

Joseph Rensch and A. S. Maloney for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Warner I. Praul for Respondent.

CONREY, P. J.—On a former appeal in this action the court reversed the judgment, and also reversed an order denying defendant's motion for a new trial. (*People* v. *Hudson*, 86 Cal. App. 497 [260 Pac. 887].) The defendant having been convicted a second time, he now appeals from the second judgment and from an order denying his motion for a new trial.

The points on appeal are: (a) That this court on the former appeal did not remand the cause to the lower court for a new trial, and that therefore the court erred in proceeding with the trial of the action a second time; (b) that

the defendant entered a plea of once in jeopardy, and that the jury did not pass upon that plea; (c) that defendant was erroneously convicted of second degree robbery in this, that the information disclosed a charge of first degree robbery and that the evidence proved that the guilty parties were armed with rifles, and that therefore they could not have been guilty of any offense other than first degree robbery; (d) that the evidence is not sufficient to justify the verdict.

There is no merit in any of these contentions of appellant. A judgment of this court reversing an order denying a motion for a new trial is, in effect, the ordering of a new trial. (*People* v. *Lee Look*, 143 Cal. 216, 220 [76 Pac. 1028].)

The plea of once in jeopardy as made by appellant did not specify the time, place or court wherein appellant had been subjected to any former jeopardy for the offense charged. (Pen. Code, sec. 1017; *People* v. *Moronati*, 70 Cal. App. 17 [232 Pac. 991]; *People* v. *O'Leary*, 77 Cal. 30 [18 Pac. 856].)

We are satisfied that the evidence is legally sufficient to identify appellant as one of the two persons who committed the alleged robbery. While the identification of appellant by the complaining witness was on cross-examination deprived of some of its force, nevertheless that testimony, together with the circumstantial evidence connecting appellant with possession of one of the stolen bills, is enough to establish the fact, and since the jury believed the evidence thus produced by the prosecution, this court should not interfere.

Appellant has no substantial ground of complaint that he was convicted of second degree robbery upon evidence which would have justified the jury in finding him guilty of the more serious offense of first degree robbery. (*People* v. *Muhlner*, 115 Cal. 303 [47 Pac. 128]; *People* v. *Tugwell*, 32 Cal. App. 520, 529 [163 Pac. 508].)

The judgment and order are affirmed.

Houser, J., and York, J., concurred.