[Civ. No. 4570. Third Appellate District.—September 6, 1932.]

J. D. THOMAS, Respondent, v. JESSIE E. LAVERY et al., Defendants; EMMA LUCRETIA BARNETT, Appellant.

E. A. Kline and Gerard J. Cuoco for Appellant.

Charles E. Hobart for Respondent.

JAMISON, J., *pro tem.* — This action was brought by plaintiff to set aside a conveyance of personal and real property from defendant Jessie E. Lavery to defendant Emma Lucretia Barnett upon the ground that the said conveyance was executed in fraud of creditors. Judgment was rendered in favor of plaintiff setting aside and annulling this conveyance and from this judgment the said Emma Lucretia Barnett has appealed.

On November 25, 1925, Jessie E. Lavery executed a contract naming W. C. Barnett as trustee and giving to respondent the exclusive right to sell a tract of land known as tract 8304, contining 57 lots, respondent to receive a commission for his services in selling the said lots. Pursuant to the terms of said contract respondent proceeded with the sale of said lots until about August 1, 1927, at which date he received notice from Jessie E. Lavery canceling the said contract. In the meantime on March 26, 1926, Jessie E. Lavery had conveyed the said property, by her deed, to her daughter, Emma L. Barnett, and this deed was recorded in the early part of 1927. Thereafter, on January 28, 1928,

respondent commenced an action for damages for breach of contract against Jessie E. Lavery, Emma L. Barnett and W. C. Barnett for the breach of said contract, and judgment was rendered in his favor against Jessie E. Lavery. From this judgment the said Jessie E. Lavery appealed and it was reversed by the Supreme Court on June 23, 1932. (*Thomas* v. *Lavery,* 215 Cal. 675 [12 Pac. (2d) 636].)

■ The rule is general that the creditor must first reduce his claim to a judgment before he is entitled to resort to an equitable action to reach property fraudulently transferred by his debtor. (12 Cal. Jur. 1033; *Moore* v. *Schneider,* 196 Cal. 380 [238 Pac. 81], and *James* v. *Schafer,* 70 Cal. App. 372 [233 Pac. 70].)

■ A creditor can avoid the act or obligation of his debtor for fraud only where the fraud obstructs the enforcement by legal procedure of his right to take the property affected by the transfer or obligation. (Civ. Code, sec. 3441.)

■ While it is a general rule that until a judgment becomes final by affirmance on appeal, or the lapse of the time within which an appeal might be taken, such judgment is not admissible in evidence and cannot be relied upon as the foundation of the rights declared in it (*Feeney* v. *Hinckley,* 134 Cal. 467 [86 Am. St. Rep. 290, 66 Pac. 580]), yet a judgment creditor who has endeavored without avail to collect the judgment may attack a transfer as made with intent to defraud creditors, although the judgment has not become final by affirmance on appeal, or by expiration of the time in which to appeal, and although he have no specific lien on the property transferred independent of the judgment. (*Rossen* v. *Villanueva,* 175 Cal. 632 [166 Pac. 1004].)

But in the well-considered case of *Sewell* v. *Johnson,* 165 Cal. 762 [Ann. Cas. 1915B, 645, 134 Pac. 704], in which all of the justices concurred, where it appeared that the judgment for the debt had been reversed, the court held on appeal from the judgment in favor of the judgment creditor setting aside and annulling a transfer of the debtor's property on the ground of fraud, that the latter must also be reversed. In the course of the opinion in that case the court said: "It is to be observed that the sole basis sustaining the right of this respondent in the present appeal to maintain his action against this appellant in the court below, was the

judgment in *Sewell* v. *Christie, Price et al.* [163 Cal. 76, 124 Pac. 713], which we have reversed. The present action against the defendant arising out of such judgment is in the nature of a creditor's bill. It could only be maintained after a judgment at law against Price which was in effect its essential basis. As a general creditor with a mere legal demand not merged into a judgment plaintiff could maintain no action against appellant. ˙ But the judgment which alone constituted the basis of the present action has been reversed; the respondent has lost his position as a judgment creditor as effectually as if it never existed. He has no judgment.'' Further along in this opinion the court held that it must take judicial notice of the reversal and to that extent overruled the decision in the case of *Sewell* v. *Mary L. Price et al.*, 164 Cal. 265 [128 Pac. 407].

It is a well-settled rule of law that a cause of action upon a judgment does not accrue until the judgment becomes final. (*Willard* v. *Dobbins*, 191 Cal. 287 [216 Pac. 1008]; *Jones* v. *Summers*, 105 Cal. App. 51 [286 Pac. 1093].)

And the reversal of the judgment places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable. (*Central Sav. Bank of Oakland* v. *Lake*, 201 Cal. 438 [257 Pac. 521].)

The judgment in the case of *Thomas* v. *Lavery, supra*, having been reversed and that judgment being the basis of the judgment in the instant case, we are of the opinion that this court cannot do otherwise than also reverse it.

The judgment is, therefore, reversed.

Preston, P. J., and Plummer, J., concurred.