[S. F. No. 14984. In Bank.—February 5, 1934.]

PEARL HILMER, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Ernest I. Speigl and Robert B. Gaylord for Petitioner.

Gavin McNab, Schmulowitz, Wyman, Aikins & Brune, Nat Schmulowitz and George G. Harris for Respondents.

WASTE, C. J.—It appears that petitioner procured a final decree of divorce from her husband, Marshall Hilmer, on August 10, 1932. The custody of the minor child of the parties was awarded to her, and the father of the child was directed to pay $50 a month for the child's support. Contempt proceedings have been necessary from time to time to compel payment of this award. In March, 1933, petitioner moved the respondent court for an increase of the support allowance and for an order compelling the defendant husband to furnish security for its prompt and continued payment. This motion was based on sections 139 and 140 of the Civil Code. In support thereof petitioner filed an affidavit wherein it is averred that the defendant husband repeatedly has been delinquent in making the monthly support payments; that recently and by reason of his father's demise he had come into an inheritance, not yet distributed, of approximately $12,000; that he is intemperate and incapable of handling money judiciously, and is neither a fit nor proper person to be entrusted with the monthly allowance of the minor child.

After hearing, the motion was denied, whereupon petitioner instituted this proceeding in *mandamus* to compel the respondent court to make an order requiring and directing that security be furnished for the future and continued payment of the monthly installments of support money. There

have been filed herein many briefs, affidavits and counter-affidavits raising many sharply controverted issues of fact which, because of the conclusion we have reached, we find it unnecessary to consider or determine.

The provisions of section 140, *supra*, relating to security for alimony or support awards are permissive and not mandatory and it is within the discretion of the trial court to require or not to require such security. (*Latterner* v. *Latterner*, 121 Cal. App. 298, 302 [8 Pac. (2d) 870].)

It is well settled that *mandamus* will not lie to control the discretion of a court or judicial officer or to compel its exercise in a particular manner, except in those rare instances when under the facts it can be legally exercised in but one way. (*Kerr* v. *Superior Court*, 130 Cal. 183, 185 [62 Pac. 479]; *Matter of Ford*, 160 Cal. 334, 346 [116 Pac. 757, Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882]; *Greene* v. *Superior Court*, 133 Cal. App. 35, 38 [23 Pac. (2d) 785]; *People* v. *Judson*, 128 Cal. App. 768, 774 [18 Pac. (2d) 379]; *Svoboda* v. *Purkitt*, 75 Cal. App. 148, 150 [242 Pac. 81].) Stated differently, a court can be compelled to act, but having acted, its act cannot be reviewed on *mandamus*.

The principal point of dispute herein is whether the respondent court in the exercise of its jurisdiction has acted upon and denied petitioner's motion for security or whether it has refused to exercise its jurisdiction in the premises. If the former be the fact, then, under the rule above stated, *mandamus* will not lie, for a court may act as efficiently by denying as by granting a motion or request. On the other hand, should it be determined that the respondent court has refused to act, *mandamus* will, and should, issue to put it in motion, but not, of course, to compel it to act in a particular manner, inasmuch as the situation here presented is not one, within the exception, in which the court can exercise its discretion in but one way.

We are satisfied after a reading of the entire record now before us that the respondent court in the exercise of its jurisdiction denied petitioner's motion for security, without prejudice to its renewal, because said court had determined that in its opinion the application was inopportune in view of the fact that all monthly support payments then due had been paid, though perhaps under compulsion, and the time

had not then arrived for distribution of the estate under which the defendant husband claimed the inheritance above referred to.

That the respondent court did not refuse to entertain the motion for security, but rather denied it as having been, in effect, prematurely presented, is apparent from both the minute order and the subsequent formal order made upon the denial of the motion. The minute order declares that "good cause appearing therefor" the motion is "denied without prejudice". The formal order of denial thereafter framed and presented to the respondent court by counsel for the petitioner states, in part, that it "appearing to the court by stipulation of both parties that all sums of money heretofore ordered herein to have been paid by defendant to plaintiff were on said day paid, and the court being advised in the premises" the motion is denied "without prejudice, upon the ground that no money being now due from defendant to plaintiff, the court is *without jurisdiction* to entertain said motion".

Petitioner seizes upon the italicized portion of said order to support her theory that the respondent court has refused to entertain the motion, thus giving rise to a situation warranting the issuance of a writ of *mandamus*. We are not so impressed. In our opinion the order may reasonably be construed to mean that the motion was denied without prejudice to its renewal because the respondent court was of the opinion that the time was not opportune for its granting. Such a construction comports with the record as a whole and is in accord with the respondent court's denial herein that it had refused to entertain jurisdiction of the motion. The words, "without jurisdiction", employed in the order can, and should, be so construed as to comport with the truth.

Examination of the record discloses that the respondent court has the welfare of the child in mind. This is evidenced by the fact, as appears from an excerpt of certain proceedings, incorporated herein, had upon an application for partial distribution of the estate in which the defendant husband has an interest, in which the respondent court, of its own volition and in the absence of petitioner's counsel, inquired as to what provision, if any, was being made for the support of the minor child. This, and other matters dis-

closed by the record and briefs herein, satisfy us that while the respondent court has presently denied the motion for security without prejudice to its renewal, it will, and properly should, be in a receptive mood when timely application is again made.

For the above reasons, the alternative writ and order to show cause heretofore issued are, and each is, hereby discharged and the petition denied.

Shenk, J., Thompson, J., Curtis, J., Langdon, J., Preston, J., and Seawell, J., concurred.