[S. F. No. 18043. In Bank. June 27, 1950.]

JEROME ODLUM, Petitioner, v. CLINTON T. DUFFY, Warden of the State Prison, etc., et al., Respondents.

Jerome Odlum, in pro. per. for Petitioner.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondents.

SPENCE, J.—This proceeding presents the single question of the effect of the reversal of the order of the trial court denying petitioner's motion to vacate a judgment of conviction. Petitioner contends that such disposition of his appeal required the trial court to give him the relief demanded in his motion—that is, vacation of the judgment and of his plea of guilty, and permission to enter a new plea—and he now seeks a writ of mandate compelling the respondent court to so proceed. Upon the undisputed facts presented here, we have concluded that petitioner is not entitled to the issuance of the writ.

Petitioner pleaded guilty to a charge of issuing checks without sufficient funds and on January 21, 1948, he was sentenced to imprisonment in the state prison. On September 27, 1948, petitioner, by a different attorney, moved to vacate the judgment upon a ground recognized in *People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657]. At the hearing of his motion petitioner introduced some evidence in support of his position but the trial court, acting inconsistently with the Gilbert decision, refused to admit certain other evidence or to determine the motion on its merits, stating "I have no jurisdiction whatsoever in the matter." Upon such basis the motion was denied.

Petitioner appealed from the order denying his motion. (*People* v. *Odlum,* 91 Cal.App.2d 761 [205 P.2d 1106].) The District Court of Appeal, after noting the trial judge's erroneous conclusion as to his lack of power to dispose of the

motion upon the merits, said at page 772: "Counsel for [petitioner] at the oral argument suggested that this court should vacate the judgment and the plea of guilty and direct the superior court to permit [petitioner] to enter a plea of not guilty. Our power is limited to review. It is for the superior court, after a hearing on the merits, to determine whether the judgment and plea of guilty should be vacated. If the plea of guilty is in fact and in law void it should be vacated, and both the People and the [petitioner] should be restored to their original position . . . as [it was] immediately before entry of such plea." The decision of the District Court of Appeal then followed—"Order reversed"—without any further express direction.

After the going down of the remittitur and on June 22, 1949, the motion was again submitted to the trial court for hearing. While petitioner was not allowed to come from prison and testify, he was represented by counsel, various papers were presented, including the probation officer's report made before petitioner was sentenced, and upon such evidence the motion was denied. In so exercising its jurisdiction, the trial court heard and determined the merits of the motion as impliedly directed in the opinion of the District Court of Appeal. Petitioner's attorney attempted to appeal from the order of denial but his notice of appeal was filed too late, and the purported appeal was dismissed. (*People* v. *Odlum,* District Court of Appeal, Second Dist., Div. Three, Minutes, July 29, 1949, 93 A.C.A. p. 4.)

Petitioner contends in this proceeding that under the now final judgment of the District Court of Appeal (*People* v. *Odlum, supra,* 91 Cal.App.2d 761), the trial court "had no jurisdiction again [on June 22] to hear and deny the motion to vacate" and that, regardless of the merits of the motion, its duty was to vacate the judgment. His position cannot be sustained.

█  It is well settled that the reversal of a judgment or order ordinarily leaves the proceeding in the same situation in which it stood before the judgment or order was made. (3 Am.Jur. § 1191, p. 697; 2 Cal.Jur. § 590, p. 996; *Estate of Pusey,* 177 Cal. 367, 371 [170 P. 846]; *Central Savings Bank of Oakland* v. *Lake,* 201 Cal. 438, 443 [257 P. 521]; *Monson* v. *Fischer,* 219 Cal. 290, 291 [26 P.2d 6]; *Sloan* v. *Court Hotel,* 72 Cal.App.2d 308, 316 [164 P.2d 516].) The same rule has been stated with respect to the reversal of orders in criminal cases. (*People* v. *Commons,* 64 Cal.App.2d

Supp. 925, 937 [148 P.2d 724].) ██ It therefore appears that upon the reversal of the trial court's order refusing to vacate the judgment of conviction, the parties were restored to the position that they had before the reversed order was made and with the same rights that they originally had, "with the exception that the opinion of the court of appeal must be followed so far as applicable." (*Central Savings Bank of Oakland* v. *Lake, supra,* p. 443; *Thomas* v. *Lavery,* 125 Cal. App. 666, 669 [14 P.2d 158]; see, also, 5 C.J.S. § 1950, p. 1476.) ██ In its opinion the District Court of Appeal declared that the trial court had denied petitioner's motion to vacate the judgment upon the erroneous assumption that it was without jurisdiction to act, and the trial court was directed, at least impliedly, to rule upon the motion after a hearing on the merits. This decision of the District Court of Appeal became final, and in conformity therewith it became the duty of the trial court to entertain and decide the motion, which duty was enforceable by mandamus. (16 Cal.Jur. § 37, p. 826; *Katenkamp* v. *Superior Court,* 16 Cal.2d 696, 698 [108 P.2d 1].) The trial court here did so proceed; the motion was heard on its merits and denied; the appeal from that order was abortive because not timely taken; and the order of denial on the merits now stands as a final determination of petitioner's rights in that regard.

Petitioner takes the position that where the appellate court reverses an order denying a motion, without incorporating as a part of the reversal thereof express directions to the trial court to proceed further with a hearing of the motion, the trial court has no power to act other than to grant the motion. To sustain his theory, petitioner cites certain cases wherein the reversal of an order denying a new trial was held in effect to constitute the ordering of a new trial: *People* v. *Hardisson,* 61 Cal. 378, 380; *Poeple* v. *Lee Look,* 143 Cal. 216, 220 [76 P. 1028]; and *People* v. *Hudson,* 92 Cal.App. 593, 595 [268 P. 687]. But such cases involved appeals taken from the judgment of conviction and the order refusing a new trial, and as *both* were reversed, the reversal of the order was deemed "equivalent to the granting of a new trial." (*People* v. *Hardisson, supra,* p. 380.) In other words, such disposition of the appeals was held, in effect, to constitute "ordering a new trial" within the meaning of section 1262 of the Penal Code, which provides that "[i]f a judgment against the defendant is reversed *without ordering a new trial,*

the appellate court must, if he is in custody, direct him to be discharged therefrom.'' (Emphasis added; *Ex parte Ballard,* 149 Cal. 114, 115 [84 P. 833].) Manifestly this code section and the above-mentioned cases have no application here in that the appeal was taken not from the judgment of conviction but from the order denying the motion to vacate the judgment. (*People* v. *Odlum, supra,* 91 Cal.App.2d 761.) Furthermore, in each of the cited cases the trial court had purported to hear and determine the motion for a new trial upon the merits; and the reversal of both the judgment and the order denying the new trial necessarily implied that the appellate court was ''ordering a new trial.''

Other authorities are likewise clearly distinguishable. *People* v. *Coronado,* 144 Cal. 207 [79 P. 418], involved a motion to recall a remittitur. On the appeal in that case there had been a reversal, with express directions, of an order denying a motion in arrest of judgment, which order had been made by the trial court after hearing and determining defendant's motion on the merits. This court there denied the motion to recall the remittitur, although in its previous disposition of the appeal it had mistakenly ''added to the judgment of reversal and order remanding the cause a *direction* to the superior court to sustain the demurrer'' (page 208), when in fact no demurrer had been interposed, the objection to the sufficiency of the information having been made solely by motion in arrest of judgment. The basis of the denial of the motion to recall the remittitur was that ''the grounds of the decision and the judgment of reversal'' indicated that the mistaken express direction was ''wholly unnecessary,'' and further indicated that the correct course for the trial court to pursue was to order ''a dismissal of the information, accompanied by such order or direction as to the filing of a new information as the superior court may have deemed proper.'' (Pages 208-209.) *People* v. *Lauman,* 59 Cal.App. 144 [210 P. 421], involved a second appeal. On the prior appeal this court had reversed an order granting a motion in arrest of judgment, which order had been made by the trial court after a hearing and determination of defendant's motion on the merits. The judgment of reversal was ''Order reversed and cause remanded for further proceedings in contemplation of sections 1191 and 1202 of the Penal Code.'' (*People* v. *Lauman,* 187 Cal. 214, 222 [201 P. 459].) Such directions to the trial court could no doubt have been implied from the opinion without any express directions accompanying the

judgment of reversal, but in any event the reversal there was accompanied by express directions as above indicated. On the second appeal (*People* v. *Lauman, supra,* 59 Cal.App. 144), it appeared that the trial court had failed to pronounce sentence, as directed, within the time provided by section 1191 of the Penal Code, and the judgment of conviction and the order denying a new trial were therefore reversed. There is nothing in either of said cases to sustain petitioner's contentions.

Not a single case has been cited in which a motion has been denied by the trial court upon the ground that it had no jurisdiction to hear and determine the motion on its merits, and in which the appellate court has thereafter reversed the order of denial upon the ground that the trial court did have jurisdiction and should have heard and determined the motion on its merits. Such was the case here, and the trial court later proceeded to such hearing and determination. Such procedure was proper under the general rule above discussed as well as under the directions which were clearly implied in the opinion of the District Court of Appeal. As the trial court has now heard and determined the motion on the merits, and as its order denying the motion has become final, it is clear that petitioner is not entitled to the relief demanded in this proceedings.

The petition for a peremptory writ of mandate is denied.

Gibson, C. J., Shenk, J., Edmonds, J., and Traynor, J., concurred.

SCHAUER, J.—I dissent. It has heretofore been well established law, consistently followed, that the judgment of a court, not its opinion stating reasons for its judgment, should be given effect. The majority here give controlling effect to the opinion of the District Court of Appeal rather than to its judgment.

On the first "hearing" of the motion the trial court refused to hear the petitioner's testimony—which apparently would have constituted the most substantial part of the evidence in support of the motion—and denied the motion. In refusing to hear the petitioner's testimony the trial judge remarked, "There is nothing I can do . . . I have no jurisdiction whatsoever in the matter." Upon petitioner-defendant's appeal (*People* v. *Odlum* (1949), 91 Cal.App.2d 761 [205 P.2d 1106])

the District Court of Appeal properly concluded that the trial court had erred in refusing to hear and decide on its merits the defendant's motion to vacate the judgment and sentence. The District Court of Appeal also very properly stated that (p. 772 of 91 Cal.App.2d) "It is for the superior court, after a hearing on the merits, to determine whether the judgment and plea of guilty should be vacated. If the plea of guilty is in fact and in law void it should be vacated, and both the People and the appellant should be restored to their original position in all four counts of the information as they stood immediately before entering of such plea." But the *judgment* of the District Court of Appeal is in two words "Order reversed"; there was no remand for retrial of the motion.

The trial court did not comply with the actual judgment of the District Court of Appeal. Instead, it purported to hear the motion and, relying on various papers including the probation officer's report made before Odlum was sentenced, but, as before, without hearing Odlum's testimony, again purported to deny such motion. Odlum's attorney attempted to appeal but his notice of appeal was filed three days late and the purported appeal was dismissed on motion of the People. Odlum then instituted the present proceeding in propria persona. He contends that, under the unqualified and now final judgment of reversal of the trial court's order denying the motion to vacate, that court "had no jurisdiction again [on June 22] to hear and deny the motion to vacate" and that, regardless of the merits of the motion, it must vacate the judgment. This contention is supported by law.

The decision of the appellate court was its unqualified order of reversal; its opinion was merely the statement of its reasons for that decision. (*Houston* v. *Williams* (1859), 13 Cal. 24, 27 [73 Am.Dec. 565].) Although the opinion may be a guide where the meaning of a judgment or order is unclear, "We do not look to an opinion to override an order." (*People ex rel. McCanliss* v. *McCanliss* (1931), 255 N.Y. 456 [175 N.E. 129, 82 A.L.R. 1141, 1145]; see *Rogers* v. *Hill* (1933), 289 U.S. 582, 587 [53 S.Ct. 731, 77 L.Ed. 1385, 88 A.L.R. 744]; *Strudthoff* v. *Yates* (1946), 28 Cal.2d 602, 615 [170 P.2d 873].) The meaning of a reversal without directions of an order denying a motion in a criminal case has heretofore not been unclear; it has consistently been held that such a judgment of unqualified reversal requires that the motion be granted. Thus, the unqualified reversal of an order denying a new

trial is in effect the ordering of a new trial (*People* v. *Hardisson* (1882), 61 Cal. 378, 380; *People* v. *Lee Look* (1904), 143 Cal. 216, 220 [76 P. 1028]; *People* v. *Hudson* (1928), 92 Cal. App. 593 [268 P. 687]). The like reversal of an order denying a motion in arrest of judgment, made on the ground of insufficiency of the information, as a matter of law required that the trial court dismiss the information, "accompanied by such order or direction as to the filing of a new information as the superior court may have deemed proper" (*People* v. *Coronado* (1904), 144 Cal. 207 [79 P. 418]). Similarly, after reversal of an order granting a motion in arrest of judgment, no proceeding to arrest judgment remains for disposition; the situation is as if the motion had been denied and there is before the trial court for disposition only a verdict or finding of guilty (*People* v. *Lauman* (1922), 59 Cal.App. 144, 146 [210 P. 421]; *People* v. *Commons* (1944), 64 Cal.App.2d Supp. 925, 937 [148 P.2d 724]). It appears, then, as petitioner contends, that under established law the unqualified reversal of an order denying a motion to vacate the judgment requires that the trial court vacate the judgment.

For the reasons stated it appears that at the time of the purported second hearing and denial of the motion to vacate, respondent court was and it now is without discretion to proceed in any other manner than to obey the actual judgment (rather than statements in the opinion) of the District Court of Appeal. Since respondent court has the clear duty to act in this, the only manner in which it can act, such action can be compelled by mandate. (*Dixon* v. *Risley* (1896), 114 Cal. 204, 206 [46 P. 5] [mandate to compel trial court to comply with appellate court order of reversal with direction]; *Newlands* v. *Superior Court* (1916), 171 Cal. 741, 744 [154 P. 829]; *Hilmer* v. *Superior Court* (1934), 220 Cal. 71, 73 [29 P.2d 175].)

It does not follow, however, that petitioner is entitled to be released from custody; rather, he should be returned to the custody of the sheriff of Los Angeles County and allowed to enter a new plea (*People* v. *Butterfield* (1940), 37 Cal.App. 2d 140, 147 [99 P.2d 310]; *People* v. *Gilbert* (1944), 25 Cal.2d 422, 440 [154 P.2d 657]) and proceedings appropriate to such new plea should follow.

Carter, J., concurred.