453 P.2d 521

STATE of Arizona, Appellee,

v.

Josh DOWNEY, aka Willie Roy Houston, Appellant.

No. 1809.

Supreme Court of Arizona.

In Banc.

April 17, 1969.

Rehearing Denied May 20, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., T. M. Pierce, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

McFARLAND, Justice:

Willie Roy Houston, hereinafter referred to as defendant, was tried and found guilty of the crime of robbery (with prior conviction), and sentenced to serve not less than ten nor more than twenty years in the Arizona State Prison. From this conviction and sentence he appeals. On all previous proceedings the defendant was known only by an alias, "Josh Downey," and all the records are so entitled.

Defendant was first brought to trial on October 27, 1965. Because of the jury's inability to arrive at a verdict a mistrial was declared. A new trial date was set, and on November 30, 1965, he was found guilty with a prior conviction. Prior to both trials defendant's attorney had moved to dismiss the information on the grounds that the State, without good cause being shown, failed to bring defendant to trial within sixty days after the information had been filed, as required by Rule 236, Rules Crim.Proced., 17 A.R.S. The trial court denied the motions. An appeal was taken to this Court alleging, inter alia, that the trial court erred in refusing to dismiss the information.

During the pendency of the appeal we handed down our decision in Norton v. Superior Court, 100 Ariz. 65, 411 P.2d 170, which prompted the attorney general to file a confession of error together with a motion to reverse. On September 20, 1966, this Court entered an order, without opinion, as follows: "Appellee's motion to reverse—Granted," and the mandate went down on November 14, 1966. The trial court, on November 28, 1966, ordered defendant released from the Arizona State Prison and later the same day entered a further order, under Rule 238, Rules Crim. Proced., 17 A.R.S.,[1] directing the county attorney to file a new information.

The county attorney duly filed the information, and a new trial was set for March 8, 1967. The attorney for defendant moved to quash the information on the grounds that the trial court had no jurisdiction to order the filing of the new information under Rule 238, supra. The motion was denied, and, on March 13, 1967, defendant was again convicted on the charge of robbery.

In addition to the jurisdiction question, defendant puts forth three other assignments of error; double jeopardy, unreasonable search and seizure, and admission of prejudicial testimony at the trial, each of which we shall consider in that order.

Defendant contends that the order of this Court, granting the attorney general's motion, having contained no order of remand or other directions, amounted to an acquittal. He reasons that under Rule 238, supra, a new information can be filed only by order of the court in which the action was pending; that the trial court lost its jurisdiction when the former appeal was filed (citing Application of Lavis, 96 Ariz. 316, 394 P.2d 655), and our order did not return the cause to the trial court; and that, therefore, a new information could not have been filed without the order of this Court. Defendant places heavy reliance on our decision in Urrea v. Superior Court, In and For Pima County, 83 Ariz. 297, 320 P.2d 696. That case, however, is authority only for the principle that, under Rule 238, a county attorney cannot file a new information on his own initiative without an order of the court.

█ The order of this Court was directed to the trial court's order denying defendant's motion to dismiss the information, and there was no consideration whatsoever of the merits of the appeal. As such, our order was an unqualified reversal of the trial court's refusal to dismiss the information. There had to be a remand, which was implicit in the order,

1. Rule 238. Effect of dismissal upon subsequent prosecution

An order for the dismissal of the prosecution, as provided in Rule 236, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony, provided no such prosecution shall be instituted without the order of the court in which the action was pending.

so that the trial court could take the further proceedings required by Rule 237, Rules Crim.Proced., 17 A.R.S.[2] In fact, our mandate went down on November 14, 1966, and the trial court did order defendant released from prison. The remand revested jurisdiction in the trial court.

■ The absence of directions in our order is immaterial since the unqualified reversal left this case in the same posture as it would have been had the motion to dismiss been granted by the trial court. Odlum v. Duffy, 35 Cal.2d 562, 219 P.2d 785; State v. Slater, 72 Idaho 383, 241 P.2d 1189. See also Spriggs v. United States, 225 F.2d 865 (9th Cir.), cert. denied, 350 U.S. 954, 76 S.Ct. 342, 100 L.Ed. 830; United States v. Valachi, 172 F.Supp. 113 (S.D.N.Y.), rev'd on other grounds, 242 F.2d 302, cert. denied, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11; Cobb v. Snow, 14 Utah 2d 170, 380 P.2d 457; State v. Percy, 81 S.D. 519, 137 N.W.2d 888; People v. Coronado, 144 Cal. 207, 79 P. 418. Therefore, when our mandate was received by the trial court, the directions were inherent therein that the court dismiss the information under Rule 236, supra, that it comply with Rule 237, supra, and, that within its discretion, it exercise its authority to order a new information filed, under Rule 238, supra.

■ We find no merit in defendant's claim of double jeopardy. It is well established that the State is not precluded—by the double-jeopardy rule—from re-trying a defendant who causes his conviction to be set aside, on appeal, because of error in the proceedings leading to such conviction. United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448; Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103, rehearing denied, 251 U.S. 380, 40 S.Ct. 176, 64 L.Ed. 317; State v. Mc-

Clendon, 103 Ariz. 105, 437 P.2d 421; 22 C.J.S. Criminal Law § 273, at pp. 705, 706.

Defendant also appeals from the trial court's denial of his motion to suppress certain evidence which he contends was obtained by an unreasonable search and seizure. We briefly set forth the pertinent facts upon which this contention is based.

Soon after the robbery was perpetrated, the police, on information received from a witness, went to a certain address seeking two suspects. In answer to their knock, one Michael Ross, who was a tenant in the premises, opened the door, and admitted the police officers. Subsequently, Ross was placed under arrest as one of the two suspects of the crime, and the police commenced a search of the premises. Ross, in the meantime, was taken outside the apartment door by another officer where he was held in custody. The record does not indicate the length of time the police remained in the apartment, but at a certain point they went outside to talk to the suspect Ross. While they were talking to Ross an Officer Richard O. Rimer of the Police Department arrived on the scene, entered the apartment, and continued the search which had been started by the other officers. He unearthed the defendant hiding under a bed, together with the items of evidence sought to be suppressed. The record is clear that Officer Rimer began searching some twenty minutes after the other police officers had discontinued the search.

Defendant does not contend that the search conducted at the time of the arrest of Ross was improper. He argues that Officer Rimer's search was a second independent search without a warrant, unsupported by the arrest of Ross, and therefore was an unreasonable search in violation of the Fourth Amendment.

2. Rule 237. Dismissal of prosecution; discharge of defendant; exoneration or refund of bail

If the prosecution is dismissed, as provided for in Rule 236, the defendant, if in custody, shall be discharged therefrom unless he is in custody on some other charge, and if an undertaking has been given, he and his sureties are exonerated, and any money or bonds which have been deposited as bail shall be refunded.

Whether Rimer's search was a new, second search, or a continuation of the search initiated by the other officers is an argument of semantics. This Court's opinion is that Rimer's search is so close in time as to be a continuation of the initial search supported by the arrest of Ross. To accept defendant's argument would be tantamount to holding that a search, once validly commenced, must continue without interruption by the same police officers who initiated it. Such a rule would itself be unreasonable. In King v. Pinto, 256 F.Supp. 522, 527 (D.C.N.J.), the court said:

> "It must be remembered that not all searches and seizures are prohibited by the Constitution, only those which are unreasonable. At the core of the Constitutional Standard in the law of search and seizure is 'reasonableness.'"

In Arwine v. Bannan, 346 F.2d 458 (6th Cir.), it was stated:

> "The Supreme Court has pointed out that it is only unreasonable searches and seizures which come within the constitutional interdict and that the test of reasonableness cannot be stated in rigid and absolute terms. Each case is to be decided on its own facts and circumstances. Harris v. United States, 331 U.S. 145, 150, 67 S.Ct. 1098, 91 L.Ed. 1399. What is a reasonable search is not to be determined by any fixed formula, but is to be resolved according to the facts of each case."

The hiatus of twenty minutes in the search here is hardly unreasonable, and the mere lapse of time, in and of itself, is not persuasive in determining the reasonableness of a search.

> "A rule of thumb requiring that a search warrant always be procured whenever practicable may be appealing from the vantage point of easy administration. But we cannot agree that this requirement should be crystallized into a sine qua non to the reasonableness of a search. It is fallacious to judge events retrospectively and thus to determine, considering the time element alone, that there was time to procure a search warrant. Whether there was time may well be dependent upon considerations other than the ticking off of minutes or hours. The judgment of the officers as to when to close the trap on a criminal committing a crime in their presence or who they have reasonable cause to believe is committing a felony is not determined solely upon whether there was time to procure a search warrant. Some flexibility will be accorded law officers engaged in daily battle with criminals for whose restraint criminal laws are essential." United States v. Rabinowitz, 339 U.S. 56, 65, 70 S.Ct. 430, 94 L.Ed. 653, 660.

In Trotter v. Stephens, 241 F.Supp. 33 (D.C.E.D., Ark.) the court upheld a search of a defendant's automobile some two hours after the arrest, without a warrant, as "merely part of one continuous act." 241 F.Supp. at 41. Rimer's search was substantially contemporaneous with the arrest of Ross. It was "part of a continuing series of events," and was not, therefore, an unreasonable search and seizure. Price v. United States, 121 U.S.App.D.C. 62, 348 F.2d 68, cert. denied, 382 U.S. 888, 86 S.Ct. 170, 15 L.Ed.2d 125; United States v. Erskine, 248 F.Supp. 137 (D.C., Or.); Little v. Rhay, 68 Wash.2d 353, 413 P.2d 15.

The final assignment of error is an alleged improper admission into evidence of testimony alluding to the previous trials had in this case. In all the proceedings prior to the last trial defendant gave his name as "Josh Downey," a false name. The portion of the testimony objected to is as follows:

> "Q And your testimony is truthful because you are testifying under oath, is that correct, is that important to you?
>
> "A Yes.
>
> "Q I see. Did you—what is your name, sir?
>
> "A Willie Houston.

"Q You recall testifying on November 29, 1965, and on November 30, 1965, before the Honorable Laurens L. Henderson, Judge of the Superior Court?

"A Yes, I remember.

"Q You took an oath those times, didn't you?

"A Yes.

"Q Referring the Court and counsel to Page 10, Line 7, see if you can recall making these answers to these questions, the question commencing at Line 7, Page 10. Question under oath: 'Would you state your name, please? Answer: Josh Downey.'

"A I remember.

"Q Just a minute, sir. Referring to Page 152, Line 22. 'What is your name, please? Answer: Josh Downey.' You recall making that answer to that question?

"A. Yes."

At this point the defense moved for a mistrial which was denied, the court holding that:

"The motion will denied on the grounds that both parties, both defense counsel and Plaintiff's counsel have referred to former hearings or former trials in this case."

■ Defense counsel stated he did not recall having made any prior reference to the earlier proceedings, but a perusal of the record shows two instances where he did so during cross-examination of the victim of the robbery.

"Q Do you remember Mr. Terry McGillicuddy?

"A Who is McGillicuddy?

"Q He was representing this man [Houston] in a prior hearing. Do you remember Mr. Pete Brady?

    *    *    *    *    *    *

"Q And you identified this man [Houston] a short while ago on direct examination. Were there any other Negroes in the courtroom?

"A No.

"Q When you identified him at a prior hearing on this matter, were there any Negroes in the courtroom?"

These questions could not fail but to apprise the jury that there had been prior proceedings in the case. The damage, if any, which could result from such knowledge had already been done when the county attorney asked the questions to which defendant objects. Therefore they were not so prejudicial as to have required the trial court to grant defendant's motion for a mistrial. Shelton v. United States, 83 U.S. App.D.C. 257, 169 F.2d 665.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.